**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. __12-cv-1952_____

SETH WARNICK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DISH NETWORK LLC,

    Defendant.

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT,
47 U.S.C. § 227** *et seq.*

---

    Plaintiff SETH WARNICK (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

**NATURE OF ACTION**

    1.    Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Dish Network LLC (hereinafter referred to as "DISH" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2. "Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, Slip Opinion, Case No. 10-1195 (United States Supreme Court January 18, 2012) (internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3. Defendant has caused consumers actual injury in fact, not only because plaintiff and the putative class were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. § 1331 under the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA).

5. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)-(c) and 1441(a), because Defendant is headquartered in this District, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of Texas, who resides in Spring Branch, Texas.

7. DISH is a Colorado limited liability company that maintains its headquarters at 9601 S. Meridian Blvd, Englewood, CO 80112. DISH provides direct broadcast satellite service throughout the United States. The telecommunications company post annual revenues in excess of eleven billion dollars and is a Fortune 200 Company.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA, in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of

a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTUAL ALLEGATIONS

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

13. Seth Warnick never had an account with DISH nor did his wife. Mr. Warnick has not conducted any business with DISH, nor did he have any prior business relationship. Moreover, Mr. Warnick has never made telephonic contact with DISH such that DISH would have permission or consent to contact him.

14. DISH is, and at all times mentioned herein was, a company and a "person", as defined by 47 U.S.C. § 153(10).

15. Notwithstanding the fact Plaintiff did not provide DISH with his cellular number, DISH repeatedly contacted Plaintiff via pre-recorded messages on Plaintiff's cellular telephone. Plaintiff received numerous calls on his cellular phone that were attempts to collect upon a debt. Plaintiff avers that these collection attempts occurred within four years of filing this action.

16. All telephone contact by DISH to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

17. The telephone calls placed by DISH to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47

U.S.C. § 227(b)(1)(A).

18. The telephone number that DISH used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. Plaintiff did not provide his wireless number to DISH "during the transaction that resulted in the debt owed" because the Plaintiff does not owe a debt to Dish. Moreover, he never otherwise provided express consent to receive prerecorded calls by DISH on Plaintiff's cellular telephone.

20. DISH did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

21. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on DISH to demonstrate that Plaintiff and the class members provided express consent within the meaning of the statute, because there is a question as to whether express consent was ever provided and it is the best entity to determine how such consent was attained.

22. To the extent that DISH retained or otherwise caused a third party to make the calls to plaintiff and the putative class, the FCC's January 2008 Declaratory Ruling provides that creditors, like DISH, are liable for third party calls under the TCPA.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

24.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

(a) All persons within the United States to whose cellular telephone number;

(b) Dish or an entity on its behalf, placed a non-emergency telephone call;

(c) through the use of an automatic telephone dialing system or an artificial or prerecorded voice;

(d) within four years prior to filing this lawsuit;

(e) where Dish cannot show that the person provided prior express consent for such calls.

25.     Plaintiff represents and is a member of the Class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

26.     Plaintiff does not know the exact number of members in the Class, but based upon the size of DISH, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

27.     Plaintiff and all members of the Class have been harmed by the acts of DISH not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

28.     This Class Action Complaint seeks money damages and injunctive relief.

6

29. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by DISH.

30. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions, which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    (a) Whether DISH made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    (b) Whether DISH can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    (c) Whether DISH's conduct was knowing and/or willful;

    (d) Whether DISH is liable for damages, and the amount of such damages; and

    (e) Whether DISH should be enjoined from engaging in such conduct in the future.

31. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and he has no interests that are antagonistic to any member of the Class.

32. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

33. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel DISH to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against DISH is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

34. DISH has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT: NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.*

35. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

36. The foregoing acts and omissions of DISH constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

37. As a result of DISH's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting DISH's violation of the TCPA in the future.

39. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. As a result of DISH's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member the greater of $500.00 in statutory damages or actual damages for each and every call that violated the TCPA;

B. Injunctive relief prohibiting such violations of the TCPA by DISH in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E. Such other relief as the Court deems just and proper.

**SECOND COUNT: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.***

40. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41. The foregoing acts and omissions of DISH constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of DISH's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

43. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by DISH in the future.

44. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. As a result of DISH's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member the greater of treble damages, as provided by statute, of up to $1,500.00 or actual damages for each and every call that violated the TCPA;

B. Injunctive relief prohibiting such violations of the TCPA by DISH in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E. Such other relief as the Court deems just and proper.

Dated: July 26, 2012				Respectfully Submitted,


						By: /s/ Steven L. Woodrow

Steven L. Woodrow (SBN 43140)
Megan Lindsey (SBN 43817)
EDELSON MCGUIRE LLC
999 W. 18th Street, Suite 3000
Denver, CO 80202
Tel: (303) 357-4878
Fax: (303) 446-911
swoodrow@edelson.com
mlindsey@edelson.com

Keith J. Keogh (*Pro Hac Vice* to be filed)
Timothy Sostrin (*Pro Hac Vice* to be filed)
KEOGH LAW, LTD
101 N Wacker Drive, Suite 605
Chicago, IL 60606
Tel: (312) 726-1092
Fax: (312) 726-1093
Keith@KeoghLaw.com
TSostrin@Keoghlaw.com

David Schafer (*Pro Hac Vice* to be filed)
Brian Trenz (*Pro Hac Vice* to be filed)
THE LAW OFFICES OF DAVID SCHAFER, PLLC
7800 IH-10 West, Suite 830
San Antonio, TX 78230
Tel: (210) 348-0500
david@helpingtexas.com
brian@helpingtexas.com