# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-1952

SETH WARNICK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DISH NETWORK LLC,

    Defendant.

---

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

---

1.    Pursuant to Fed. R. Civ. P. 23, Plaintiff Seth Warnick respectfully requests that this Court certify his claims against Dish Network LLC ("DISH") under the Telephone Consumer Protection Act ("TCPA") as a class action after setting a briefing schedule on class certification, such that Mr. Warnick has sufficient time to take class discovery before filing a memorandum in support of this motion. Mr. Warnick further requests that he be appointed class representative and his counsel be appointed class counsel.

2.    This action, arising under the TCPA, 47 U.S.C. § 227, is brought on behalf of the following class:

> All persons within the United States to whose cellular telephone number (a) DISH or any entity on its behalf, placed a non-emergency telephone call (b) through the use of an automatic telephone dialing system or an artificial or pre-recorded voice (c) within four years prior to the filing of this lawsuit (d) where DISH cannot show that the person provided prior express consent for such calls.

## THIS MOTION IS FILED EARLY TO AVOID A PICK OFF

3. This motion is being filed at this time out of an abundance of caution to avoid any attempt by DISH to moot the class claims by picking off the named Plaintiff with an individual settlement offer.

4. Tenth Circuit precedent, while far from clear, indicates that class claims may in some circumstances be mooted by an individual settlement offer providing complete relief to the named plaintiff prior to the filing of a motion for class certification. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) ("[A] named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion."), *but see Clark v. State Farm Mutual Auto. Insur. Co.*, 590 F.3d 1134, 1139 (10th Cir. 2009) ("[W]here the plaintiff has had ample time to file the class certification motion, district courts adhere to the general rule that the mooting of a named plaintiff's claim prior to class certification moots the entire case.").

5. The Supreme Court recently granted certiorari in *Genesis HealthCare Corp. v. Symczyk*, 656 F.3d 189 (3d Cir. 2011) cert. granted, No. 11-1059, 2012 WL 609478 (U.S. June 25, 2012) to specifically address the issue of "whether a case becomes moot, and thus beyond the judicial power of Article III, when the lone plaintiff receives an offer from the defendants to satisfy all of the plaintiff's claims" and the Supreme Court has not yet issued a ruling on the matter.

6.  Mr. Warnick therefore files this motion early in the case only to "protect the putative class from attempts to buy off the named plaintiff." *Damasco v. Clearwire*, 622 F.3d 891, 896 (7th Cir. 2011). But for the concern about a pick off offer from Defendant, Mr. Warnick would not have filed this motion prior to taking discovery. Mr. Warnick therefore requests leave to file a memorandum in support of this motion after taking initial discovery.[1]

## NATURE OF THE CASE

7.  In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.  The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9.  According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and because such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

---

[1] *See Damasco*, 662 F.3d at 897 ("Although discovery may in some cases be unnecessary to resolve class issues, see 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 7.8, at 25 (4th ed.2002), in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.").

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

### FACTS RELATING TO PLAINTIFF

11. Plaintiff Seth Warnick has never had an account with DISH, nor has his wife. Mr. Warnick also has not conducted any business with DISH and he did not he have any prior business relationship with DISH. Moreover, Mr. Warnick has never made telephonic contact with DISH such that DISH would have permission or consent to contact him.

12. DISH nevertheless repeatedly contacted Mr. Warnick via pre-recorded messages on his cellular telephone. Mr. Warnick received numerous calls on his cellular phone that were attempts to collect upon a debt that was owed by an unknown and unrelated person.

13. All telephone contact by DISH to Mr. Warnick on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

14. Mr. Warnick avers that these collection attempts occurred within four years of filing this action.

15. For every instance in which DISH, or any entity on behalf of DISH, placed a non-emergency telephone call to Mr. Warnick's cellular telephone using an automated telephone dialing system and/or pre-recorded voice, DISH violated the TCPA.

## CLASS CERTIFICATION REQUIREMENTS

16. All requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

17. Plaintiff alleges—and discovery will show—that given DISH's size and the company's pervasive use of automated telephone dialing systems and/or pre-recorded voice messages, Class members number at minimum in the tens of thousands. Class members are therefore so numerous that joinder of all members is impracticable. It is not necessary that the precise number of class members be known. Rather, the court may make "common sense assumptions" to support a finding that joinder would be impracticable. *Colorado Cross-Disability Coal. v. Taco Bell Corp.*, 184 F.R.D. 354, 358 (D. Colo. 1999) (citation omitted).

18. There are several questions of law and fact common to the Class, which predominate over any questions affecting only individual class members, including:

    a. Whether DISH made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or pre-recorded voice;

    b. Whether DISH's dialing system qualifies as automatic telephone dialing system under the TCPA;

    c. Whether DISH's conduct was knowing and/or willful;

    d. Whether DISH is liable for damages, and the amount of such damages;

    e. Whether DISH first obtains consent from Class members prior to sending commercial messages to them;

    f.  Whether DISH should be enjoined from engaging in such conduct in the future.

  19. Crucially, these common questions can be resolved with reference to standardized conduct and documents. The claims of all class members derive from the same procedures implemented by DISH.

  20. Mr. Warnick's claims are typical of those of the class members. All are based on the same factual and legal theories and Mr. Warnick seeks only statutory and punitive damages.

  21. Mr. Warnick will fairly and adequately represent the class members. Mr. Warnick has no interests that conflict with the interests of class members. Mr. Warnick has retained counsel competent and experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA, and he intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4).

  22. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel DISH to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against DISH is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

  23. Numerous courts have certified substantially similar classes under the TCPA for calls to cellular telephones. *See, e.g.*, *Silbaugh v. Viking Magazine Servs.*, 278 F.R.D. 389 (N.D.

OH 2012); *Balbarin v. N. Star Capital Acquisition, LLC*, No. 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011) (motion to reconsider denied Jan. 21, 2011, Dkt. No. 160); *Mitchem v. Illinois Collection Serv., Inc.*, No. 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D. Ill., Jan. 3, 2011); *Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-CV-01413-W-AJB, 2008 WL 5458986 (S.D. Cal. Dec. 10, 2008).

WHEREFORE, Plaintiff Seth Warnick respectfully requests that this Court enter an order allowing him time to submit a memorandum of law after initial discovery is exchanged, as well as determining that this action may proceed as a class action, Plaintiff may be appointed as class representative, and counsel for Plaintiff may be appointed as class counsel.

Dated:  July 26, 2012                                      Respectfully Submitted,


                                                           By:  /s/ Steven L. Woodrow

Steven L. Woodrow (SBN 43140)
Megan Lindsey (SBN 43817)
EDELSON MCGUIRE LLC
999 W. 18th Street, Suite 3000
Denver, CO 80202
Tel: (303) 357-4878
Fax: (303) 446-911
swoodrow@edelson.com
mlindsey@edelson.com

Keith J. Keogh (*Pro Hac Vice* to be filed)
Timothy Sostrin (*Pro Hac Vice* to be filed)
KOEGH LAW, LTD
101 N Wacker Drive, Suite 605
Chicago, IL 60606
Tel: (312) 726-1092
Fax: (312) 726-1093
Keith@KeoghLaw.com
TSostrin@Keoghlaw.com

David Schafer (*Pro Hac Vice* to be filed)
Brian Trenz (*Pro Hac Vice* to be filed)
THE LAW OFFICES OF DAVID SCHAFER, PLLC
7800 IH-10 West, Suite 830
San Antonio, TX 78230
Tel: (210) 348-0500
david@helpingtexas.com
brian@helpingtexas.com