**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01952-WYD-MEH

SETH WARNICK, on behalf of himself and
all others similarly situated,

       Plaintiff,

v.

DISH NETWORK LLC,

       Defendant.

_____

**DEFENDANT DISH NETWORK LLC'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AS TIME-BARRED, OR, IN THE ALTERNATIVE, TO STRIKE
PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES AND SUPPORTING BRIEF**
_____

**CERTIFICATION OF CONFERRAL**

Pursuant to District of Colorado Local Civil Rule 7.1, counsel for Defendant DISH Network LLC ("DISH") certifies that it has conferred with counsel for Plaintiff Seth Warnick ("Plaintiff" or "Warnick") and that Plaintiff opposes the relief requested herein.

**SUMMARY OF ARGUMENT**

This is the second time Warnick has sued for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). His renewed claims are based on calls allegedly made in January of 2011. Plaintiff seeks statutory damages under two counts. Colorado law provides that actions for statutory damages under the TCPA are a penalty, and must be commenced within one year after the cause of action accrues. Warnick's Second Complaint, however, was not filed until July 26, 2012, which bars him from pursuing statutory damages.

1

Because he does not allege any facts supporting actual monetary damages, the TCPA claims fail in their entirety, and should be dismissed. In the alternative, DISH moves to strike all allegations seeking statutory damages from the Complaint.

## STATEMENT OF FACTS

### I.  WARNICK FILED THE SAME CLAIMS IN THIS COURT OVER ONE YEAR AGO BUT THE CASE WAS VOLUNTARILY DISMISSED.

On March 11, 2011, Warnick sued Dish Network Corporation under the TCPA for allegedly contacting him on his cellular telephone without his prior express consent. Request for Judicial Notice ("RJN"), Exh. A (First Compl.) ¶ 1.[1] Warnick's first case was filed as a putative class action on behalf of persons who received a call "on or after January 13, 2011." *Id.* ¶¶ 22, 27(a). He asserted counts for: (1) negligent violation of the TCPA; and (2) knowing and/or willful violation of the TCPA. *Id.* ¶¶ 33-42. Just over two months later, on May 19, 2011, Warnick, through his prior counsel, filed an unopposed motion to dismiss his case. RJN Exh. B (Warnick Mot. to Dismiss). One day later, this Court granted the motion and closed the case. *Id.* Exh. C (Order of Dismissal).

### II.  WARNICK RE-ASSERTS THE SAME PREVIOUSLY-DISMISSED CLAIMS.

Warnick now seeks to resurrect the same case. On July 26, 2012, without clarifying whether the calls were made to a residential number, Warnick alleges that DISH made automated calls to his cellular phone, without his prior express consent. *See* Dkt. No. 1 (Second Compl.) ¶¶ 1; 15. Warnick asserts the same two counts against DISH, as before, for: (1) negligent violation

---

[1] As explained in DISH's concurrently filed RJN, the Court can take judicial notice of publicly-filed records in prior litigation and it can do so without converting this motion to dismiss into a motion for summary judgment.

of the TCPA; and (2) knowing and/or willful violation of the TCPA.  *Id.* ¶¶ 35-44.  Warnick seeks "the greater of $500.00 in statutory damages or actual damages for each and every [negligent] call."  *Id.* ¶ 39 (A), p. 9.  For each and every willful call, Warnick seeks "the greater of treble damages, as provided by statute, of up to $1,500 or actual damages."  *Id.* ¶ 44 (A), p. 10.  But there are no factual allegations that Warnick incurred actual monetary loss.

## ARGUMENT

Warnick's attempted second bite of the apple comes too late.  The passage of time since his first complaint is fatal to his claims for statutory damages under both the negligent and willful prongs of the TCPA: the statute of limitations has run.  Having waited for over one year to sue again, Warnick may only bring an action to recover for actual monetary loss, but he fails to proffer any factual allegations in support of such an action.

### I.    LEGAL STANDARD.

#### A.    Rule 12(b)(6) Motion to Dismiss.

A complaint must be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context."  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  The Court can resolve statute of limitations questions on a Rule 12(b)(6) motion when the dates make clear that the right sued upon has been extinguished.  *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

3

     **B.**    <u>**Rule 12(f) Motion to Strike.**</u>

In the alternative, DISH moves to strike Warnick's claims for TCPA statutory damages. A district court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fogerty v. Fantasy, Inc.*, 984 F.3d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). A motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. *See Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996).

**II.**    <u>**WARNICK'S TCPA CLAIMS FOR STATUTORY DAMAGES SHOULD BE DISMISSED BECAUSE THEY ARE TIME-BARRED.**</u>

The TCPA provides for a private right of action only if the claim is "otherwise permitted" by the laws of the forum state. Warnick seeks statutory damages of $500 for each call, under the first count, and treble damages of up to $1,500 per call, under the second count. Second Compl. ¶¶ 37, 39 (A), p. 9, 42, 44 (A), p. 10. Under Colorado law, a claim for statutory damages is a ***penalty***, so it must be commenced within ***one year*** after the claim accrues. Warnick's decision to dismiss his First Complaint and re-assert the same claims over a year later dooms his request for statutory damages: he cannot re-assert those claims ***over eighteen months*** after they accrued.

     **A.**    <u>**The TCPA Requires This Court To Apply Colorado Law.**</u>

To determine the applicable statute of limitations, the Court must begin with the statutory text and the "the plain language of the law." *St. Charles Inv. Co. v. Comm'r of Internal Revenue*, 232 F.3d 773, 776 (10th Cir. 2000). *See BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183

4

(2004) ("[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous."); *United States v. Zamudio*, 314 F.3d 517, 521 (10th Cir. 2002) (same).

### 1.     **The Plain Language of the TCPA Requires Application of State Law.**

The TCPA unambiguously provides for the application of the law of the forum state:

> A person or entity may, *if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State* -
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for *actual monetary loss* from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3) (emphasis added); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431 (2010) ("We note first that the TCPA itself calls for the application of state law.").

According to the Tenth Circuit, "Congress expressly directed that federal courts apply substantive state law" to TCPA claims. *US Fax Law Center, Inc. v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007) (applying Colorado assignment law). The Second Circuit has concluded that the TCPA's "otherwise permitted" language is "unambiguous" in placing "an express limitation on the TCPA which federal courts are required to respect": a TCPA claim "cannot be brought if not permitted by state law." *Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 591-92

5

(2d Cir. 2011) (applying Connecticut's two-year statute of limitations and affirming dismissal of TCPA action); *see also Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.,* 121 P.3d 350, 355 (Colo. Ct. App. 2005) ("when Congress created a private right of action that could be prosecuted in state courts, 'if otherwise permitted by the laws or rules of court of a State,' it was acknowledging that the states could apply their own rules of procedure to such an action").

### 2. The TCPA's Legislative History Requires Application of State Law.

The legislative history of the TCPA explains why private litigants can assert such claims only if "otherwise permitted" by state law. The TCPA is a unique federal statute designed to provide states with the power to enforce restrictions on interstate telemarketing activities that were otherwise beyond the states' ability to regulate. *See generally* S.Rep. 102-178, at 3 (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1970 ("States do not have jurisdiction over interstate calls. Many States have expressed a desire for Federal legislation to regulate interstate telemarketing calls to supplement their restrictions on intrastate calls."); *see also* Pub.L. No. 102-243, § 2(7), 105 Stat. 2394, 2394 (1991) (codified as a note to 47 U.S.C. § 227) ("Over half the States now have statutes restricting various uses of the telephone for marketing, but telemarketers can evade their prohibitions through interstate operations; therefore, Federal law is needed to control residential telemarketing practices.").

Congress intended for the TCPA to fill this jurisdictional gap; accordingly, courts must treat the TCPA as the "functional equivalent of a state law," applicable only as otherwise permitted by the forum state. *Giovanniello*, 660 F.3d at 600 (quoting *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 342 (2d Cir. 2006) (Sotomayor, J.)). In contrast to other federal statutes, the scope of private TCPA claims are governed by different state-law restrictions in different jurisdictions.

*See Kruse v. McKenna*, 178 P.3d 1198, 1200 (Colo. 2008) (no federal uniformity intended by Congress under TCPA).

### 3. Courts Across the Country, Including the Tenth Circuit, Apply State Law to TCPA Claims.

This Court must look to Colorado law to determine if Warnick's TCPA claims for statutory damages are permitted. The Tenth Circuit has already determined that Colorado law governs the question of whether TCPA claims are assignable (they are not). *See US Fax Center*, 476 F.3d at 1118. Similarly, this Court must look to Colorado law to determine if Warnick's renewed TCPA claims for statutory damages are timely filed (they are not).

Federal and state courts across the country have dismissed TCPA claims when they are not permitted by the applicable state statute of limitations. *See*, *e.g.*, *Giovanniello*, 660 F.3d at 601 (affirming federal district court determination that TCPA claim was not otherwise permitted by Connecticut statute of limitations); *Spillman v. Domino's Pizza, LLC*, No. 10-349, 2011 WL 721498, at *5-6 (M.D. La. Feb. 22, 2011) (dismissing TCPA claims arising more than one year before federal case was filed based on Louisiana's one-year statute of limitations and prescription period); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 130 P.2d 1280, 1286-87 (Nev. 2006) (applying Nevada's two-year statute of limitations for actions based on "a penalty or forfeiture"); *Weitzner v. Vaccess Am. Inc.*, 5 Pa. D. & C. 5th 95, 123-27 (Pa. Com. Pleas 2008) (applying Pennsylvania's two-year statute of limitations for claims based on invasion of privacy).

### B. Under Colorado law, Warnick Seeks a Penalty.

Construing subsection 227(b)(3) of the TCPA, the ***exact*** provision at issue in Warnick's re-filed Complaint, both the Colorado Supreme Court and a Colorado Federal District Court have

7

concluded that the TCPA is penal in nature. *Kruse v. McKenna*, 178 P.3d 1198, 1200-01 (Colo. 2008); *US Fax Law Center, Inc. v. iHire, Inc.*, 362 F.Supp.2d 1248, 1253 (D. Colo. 2005) ("I conclude that the TCPA is penal in nature.").

To determine if a claim for statutory damages seeks a penalty, Colorado courts look to whether: "(1) the statute asserted a new and distinct cause of action; (2) the claim would allow recovery without proof of actual damages; and (3) the claim would allow an award in excess of actual damages." *Id.* Applying this test to the TCPA provision that prohibits unsolicited fax transmissions, the Colorado Supreme Court found that: (1) the TCPA created a new and distinct cause of action; (2) the plaintiff could recover up to $1,500 per fax transmission without proving actual damages; and (3) an award of at least $500 per fax transmission would always exceed the actual damages. *Id.* The Colorado Supreme Court concluded that "a claim under the TCPA for $500 in liquidated damages per violation is a penalty" and "a claim for treble the amount of those liquidated damages is also a penalty." *Id.* at 1201-02; *US Fax Law Ctr.*, 362 F.Supp.2d at 1253 (federal court applies same Colorado test and concludes "the TCPA is penal in nature").

The same damages provision, § 227(b)(3), is at issue in this case. *See* Second Compl. ¶ 39(A) (asserting claim "for the greater of $500.00 in statutory damages or actual damages"); ¶ 44(A) (asserting claim for "treble damages of up to $1,500 . . . pursuant to 47 U.S.C. § 227(b)(3)."). Therefore, this Court's own prior analysis in *US Fax Law Center* and the Colorado Supreme Court's reasoning in *Kruse* are directly on point. Both cases compel the conclusion that Warnick's TCPA claims for statutory damages seek a penalty. *See also Edwards*, 122 Nev. 317, 130 P.2d at 1286-87 (Supreme Court of Nevada affirms dismissal of TCPA claims based on Nevada's statute of limitations applicable to an action "for a penalty.").

### C. Under Colorado Law, Actions for a Penalty Are Subject to a One-Year Statute of Limitations.

Colorado enforces a one-year statute of limitations for actions seeking a penalty:

> The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter: . . .
>
> (d) *All actions for any penalty* or forfeiture of any penal statutes.

C.R.S. 13-80-103(1)(d). Because this Court must conclude that Warnick seeks a penalty when he asserts claims "for the greater of $500.00 in statutory damages" and "treble damages of up to $1,500" against DISH (Second Compl. ¶¶ 39(A), 44(A)), Colorado law does not permit his claims unless the lawsuit was commenced within one year after the cause of action accrued. That has not happened here.

### D. Warnick's Claims Accrued Over One Year Before He Re-Filed His TCPA Claims.

Although Warnick's Second Complaint does not state when he was called, his First Complaint provides the relevant date: January 13, 2011. First Compl. ¶ 22 ("All persons within the United States who, *on or after January 13, 2011*, received a non-emergency telephone call from DISH on a cellular telephone . . . ."), ¶ 27(a) ("Whether, *beginning on January 13, 2011*, DISH made nonemergency calls to Plaintiff and Class members' cellular telephones . . . .") (emphasis added). It is not subject to reasonable dispute that Warnick alleges he was called on that date. The Court should take judicial notice of the fact that Warnick previously made this allegation. *See* RJN at 2-3 (filed concurrently).

Warnick's claims for statutory damages are time-barred because they are based on calls that allegedly commenced over one year ago, on January 13, 2011. Under Colorado law, "a

9

cause of action for injury to person . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. 13-80-108(1).  If, as Warnick alleges, DISH called him on January 13, 2011, then that is when he knew DISH called his number.  His TCPA claims accrued on that date, or, in the alternative, at the very latest he was on notice some time before March 11, 2011, when he filed the First Complaint.  *See Siegel Oil Co. v. Gulf Oil Corp.*, 556 F.Supp. 302, 306 (D. Colo. 1982) (cause of action for damages accrues "when the Plaintiff is first injured . . . by the defendant's acts alleged to be in violation of applicable laws and regulations"); *Chasteen v. Unisia Jecs Corp.,* 216 F. 3d 1212, 1217 (10th Cir. 2000) (claim accrues when plaintiff has knowledge of facts giving rise to claim); *Morris v. Geer*, 720 P.2d 994, 997 (Colo. App. 1986) (claim accrues when there is  "knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which an action may be brought").

After the Court dismissed Warnick's first case, he failed to re-assert his TCPA claims until July 26, 2012, ***over eighteen months after his claims accrued***.  But by then it was too late. His claims for statutory damages must be dismissed because they are time-barred.[2]

---

[2] Warnick alleges he received "numerous and repeated telephone calls."  Second Compl. ¶ 31. Under Colorado law, Warnick's claim accrued when he alleges he was first injured, on January 13, 2011.  *See Siegel Oil Co.*, 556 F.Supp. at 306.  Although not relevant to decide this motion, DISH's records indicate that the telephone number at issue was associated with a DISH customer account - perhaps mistakenly – until approximately March 22, 2011.  There is no allegation that Warnick received any calls after March 22, 2011.  Even if the Court were to look to when the calls, if any, must have ended, Warnick's claims for statutory damages would still be time-barred because March 22, 2011 is over fifteen months before he re-filed his complaint.

### E. Equitable Tolling Cannot Save Warnick's Time-Barred Claims.

It does not help Warnick to argue the applicable limitations period should be tolled during the time when his first case was pending or on equitable grounds. "[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1036. There is no such basis here.

The commencement of a putative class action can toll the statute of limitations. *See Am. Pipe and Constr. Co. v. Utah*, 414 U.S. 538 (1974). Even if the Court tolls the limitations period while Warnick's first case was pending, the re-asserted claims were still filed too late. This case was filed on July 26, 2012, over eighteen months after Warnick was allegedly called on January 13, 2011. Warnick filed his first TCPA lawsuit on March 11, 2011, but this Court dismissed it on May 20, 2011. *See* RJN Exh A. (First Compl.); Exh. C (Order of Dismissal). His first case was pending, therefore, for just over two months. Excluding this time, Warnick still filed his Second Complaint *approximately sixteen months* after he was allegedly called.

Moreover, there is no basis for Warnick to argue the limitations period should be equitably tolled or that DISH should be equitably estopped from asserting it. In the Tenth Circuit, "[e]quitable estoppel arises where the parties recognize the basis for suit, but the wrongdoer prevails upon the other to forgo enforcing his right until the statutory time has lapsed." *Aldrich*, 627 F.2d at 1043 n. 7. Equitable tolling is only appropriate if the plaintiff "has in some extraordinary way been prevented from asserting his or her rights." *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir.1984) (affirming district court decision that equitable tolling

11

was inappropriate where there was no evidence plaintiff had been actively deceived, misled, or left without notice regarding his right to sue).

Here, there is no allegation that DISH prevented Warnick from filing timely claims. Indeed, Warnick voluntarily moved to dismiss them. *See* RJN Exh. B. (Warnick Mot. to Dismiss). Where Warnick waited too long to re-assert the same claims, the principles of equitable tolling cannot apply. *See Enright v. Costco Wholesale Corp.*, No. 11-796, 2012 WL 502262, at *6 (D. Colo. Jan. 6, 2012) (dismissing ADA claims as time-barred where "plaintiff slept on his opportunity to cure" and "made no showing that equitable tolling is warranted").

### F.     The Default Federal Catch-All Statute Cannot Apply.

Warnick may argue that because the TCPA is a federal statute, his claims should be governed by the four-year federal "catch-all" statute. That statute, 28 U.S.C. § 1658(a), applies as a default in federal courts: "***Except as otherwise provided by law***, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues." (emphasis added.)

The problem for Warnick is that the federal catch-all statute only applies as a default; *i.e.*, "[e]xcept as otherwise provided by law." *Id.* In the present case, Colorado's statute of limitations is just such a law, eliminating the need to default to the federal statute. *See Giovanniello*, 660 F.3d at 591-93 (rejecting application of federal catch-all statute because the text and purpose of TCPA show that such claims must be otherwise permitted by applicable state statute of limitations). The Court should dismiss Warnick's claims for TCPA statutory damages because Colorado's one-year limitations period applies.

12

### III.     WARNICK HAS NOT ALLEGED ACTUAL DAMAGES, AND THEREFORE THE TCPA CLAIMS FAIL.

Because Warnick is not entitled to statutory damages, Warnick's TCPA claims can only survive if he alleges facts supporting the recovery of actual monetary loss. It is elementary that there must be allegations sufficient to *support* the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). The TCPA allows Warnick to pursue an action for statutory penalties or, alternatively, "*an action to recover for actual monetary loss from such a violation*." 47 U.S.C. § 227(b)(3) (emphasis added). In order to assert a valid TCPA claim for actual damages, Warnick must plead facts supporting that element. *See BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) ("[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous.").

Warnick fails to allege that *he* suffered any monetary loss. He states:

> Defendant has caused consumers actual injury in fact, not only because plaintiff and the putative class were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon the seclusion, diminish cellular battery life, and waste data storage capacity.

Second Compl. ¶ 3, *see also* ¶ 27. What is missing is an allegation that *Warnick* has suffered any of these injuries, let alone "actual monetary loss." He does not allege that he was charged for the alleged calls to his cell phone (a dubious proposition given unlimited call plans are the norm for most cellular providers). *See* 47 U.S.C. § 227(b)(1)(A)(iii) (unlawful to make call where called party was "charged for the call"). Moreover, Plaintiff's conclusory reference to "intrusion upon

13

the seclusion" does not constitute "actual monetary loss." This latter allegation supports, at best, a separate claim for invasion of privacy, which is not pled.[3]

Finally, as noted in Warnick's Complaint, Congress was prompted to pass the TCPA because of "computerized calls to *private homes*." Second Compl. ¶ 2 (emphasis added). In enacting this statute, Congress sought to "protect the privacy interests of *residential telephone subscribers*." S. Rep. No. 102-178, at 1-2 (1999), reprinted in 1991 U.S.C.C.A.N. 1968, 1968 (emphasis added). Here, Warnick fails to allege that the calls were made to a residential number, as opposed to a business number, which is a separate basis for dismissing the action.

## IV. IN THE ALTERNATIVE, THE COURT SHOULD STRIKE WARNICK'S CLAIMS FOR STATUTORY DAMAGES.

Although the more straightforward course would be for the Court to dismiss Warnick's Complaint because it seeks time-barred statutory damages, the Court also has to option of striking the allegations in paragraphs 37, 39(A), 42 and 44(A). DISH therefore moves, in the alternative, to strike Warnick's alleged entitlement to such damages. *Bureerong*, 922 F.Supp. at 1479 n.34 ("[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."); *United States v. Shell Oil Co.*, 605 F.Supp. 1064, 1085 (D. Colo. 1985) (matter impertinent or immaterial under Rule 12(f) when

---

[3] Colorado courts apply the Restatement (2nd) of Torts 625B (1981), and, accordingly, "to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person." *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1065 (Colo. Ct. App. 1998). None of these elements are (or could be) alleged here. The Restatement explicitly provides there is no liability for "calling [a plaintiff] to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded." Restatement (2nd) of Torts § 652B cmt. d.

"no evidence in support of the allegation would be admissible.")  Where the TCPA claims for statutory damages are time-barred, they are not recoverable as a matter of law and the court cannot admit evidence in support of those allegations.  Paragraphs 37, 39(A), 42 and 44(A) of the Complaint should be stricken.

## CONCLUSION

Colorado's one-year statute of limitations bars Plaintiff's TCPA claims for statutory damages, and Plaintiff does not allege he suffered actual monetary loss, which renders both TCPA counts legally deficient.  Those claims should be dismissed in their entirety, or, in the alternative, the Court can strike Warnick's alleged entitlement to TCPA statutory damages.

Respectfully submitted this 11th day of September, 2012.

By: */s/ Todd E. Mackintosh*
Todd E. Mackintosh, Esq.
WOOD, RIS & HAMES, P.C.
1775 Sherman, Suite 1600
Denver, CO  80203
Telephone:     303.863.7700
Facsimile:       303.830.8772
Email:             tmackintosh@wrhlaw.com

Richard R. Patch (CA Bar No. 88049)
Zuzana S. Ikels (CA Bar No. 208671)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA  94111-4213
Telephone:     415.391.4800
Facsimile:       415.989.1663
Email:             ef-rrp@cpdb.com
                        ef-zsi@cpdb.com

Attorneys for Defendant
DISH NETWORK LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that on the day of September 11, 2012, I electronically filed the foregoing **DEFENDANT DISH NETWORK LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS TIME-BARRED, OR, IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES AND SUPPORTING BRIEF** with the Clerk of Court using the CM/ECF system which will send the notification of such filing to the following e-mail addresses and/or mailed copies of the foregoing via the U.S. Mail, postage prepaid, as follows:

| | |
|---|---|
| Steven L. Woodrow | Keith J. Keogh |
| Megan Lindsey | Timothy Sostrin |
| EDELSON McGUIRE LLC | KEOGH LAW, LTD |
| 999 W. 18th Street, Suite 3000 | 101 N. Wacker Drive, Suite 605 |
| Denver, CO  80202 | Chicago, IL  60606 |
| Tel:  303-357-4878 | Tel:  312-726-1092 |
| Fax:  303-446- 9111 | Fax:  312-726-1093 |
| swoodrow@edelson.com | Keith@KeoghLaw.com |
| mlindsey@edelson.com | TSostrin@Keoghlaw.com |

David Schafer
Brian Trenz
THE LAW OFFICES OF DAVID SCHAFER, PLLC
7800 IH-10 West, Suite 830
San Antonio, TX  78230
Tel:  210-348-0500
david@helpingtexas.com
brian@helpingtexas.com

                                                */s/  Julie M. Winchell*
                                                  Julie M. Winchell, Legal Assistant