**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**


Civil Action No. 1:12-cv-01952-WYD-MEH

SETH WARNICK, on behalf of himself and
all others similarly situated,

       Plaintiff,

v.

DISH NETWORK LLC,

       Defendant.

_____

**DEFENDANT DISH NETWORK L.L.C.'S MOTION FOR COSTS
AND TO STAY THE PROCEEDINGS**
_____

## CERTIFICATION OF COUNSEL

Pursuant to District of Colorado Local Civil Rule 7.1, counsel for Defendant DISH

Network L.L.C. ("DISH") certifies that it has conferred with counsel for Plaintiff Seth Warnick

("Plaintiff" or "Warnick") and that Plaintiff opposes the relief requested here.

## SUMMARY OF ARGUMENT

Warnick filed identical claims in this Court over one year ago.  After being served with

the first complaint, DISH quickly determined that:  (1) DISH's records reflected that the

telephone number at issue was provided to DISH by *a current customer*; (2) the small number of

calls to that number were payment reminders to the current customer, not solicitations or debt

collection calls to a former customer; and (3) if Warnick did in fact receive certain of those calls

(DISH's records indicate only one call to the number on or after January 13, 2011), it was

1

because the telephone number had been re-assigned to Warnick during the period of time, without DISH's knowledge.

After DISH provided this information to Warnick's prior counsel, Warnick agreed to dismiss his case in its entirety.  DISH agreed to bear its own costs on the assumption that the case was being dismissed because Warnick and his counsel realized that the case had no merit.  In other words, DISH assumed that Warnick would not re-file his case.  The fees DISH incurred negotiating with Warnick's prior counsel, early and proactively so as to resolve this matter without wasting additional resources, are of no use to DISH in the present action.  The time spent by local counsel filing documents in the prior case is also wasted time.  Although DISH incurred significant fees in the prior action, DISH limits its Rule 41(d) motion to fees incurred discussing the merits of the case with Warnick's prior counsel and filing documents in the prior action.  Those fees amounted to $3,302.50, a small portion of the total amount of fees DISH incurred before the prior action was dismissed.  The Court should stay these proceedings until Warnick reimburses DISH for those fees.

**STATEMENT OF FACTS**

I.   **WARNICK'S PRIOR COUNSEL VOLUNTARILY DISMISSED THE FIRST CASE AFTER INFORMAL DISCUSSIONS REGARDING ITS MERITS.**

On March 11, 2011, Warnick filed a complaint alleging he was contacted on his cellular phone without his express prior consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Declaration of Richard R. Patch in Support of Defendant's DISH Network L.L.C.'s Motion for Costs and To Stay the Proceedings ("Patch Decl.") ¶ 4, Exh. A (First Compl.).  Warnick sought to represent all persons called on or after January 13, 2011.  *Id.* Exh. A (First Compl.) ¶¶ 22, 27(a).

Soon thereafter, counsel for DISH reached out to Warnick's prior counsel in the hope of resolving the matter without the need of wasteful fees. *Id.* ¶ 5. Warnick's prior counsel provided DISH with the telephone number at issue and informed DISH of the time period during which Warnick allegedly received calls from DISH. *Id.* DISH, in turn, informed Plaintiff's counsel that its records revealed: (1) that the number was provided to DISH by a *current customer*; (2) that any calls to the number during the relevant time period (DISH's records indicate only one call to the number on or after January 13, 2011) were payment reminders to the current customer, not solicitations or debt collection calls to a former customer; and (3) if, unbeknownst to DISH, the number was re-assigned to Warnick during this same period of time, DISH was not notified by its current customer or Mr. Warnick, and DISH had no way to know that occurred. *Id.*

Persuaded by the lack of factual support for the claims and viability of pursuing a class action, Warnick's prior counsel informed DISH's counsel that he would dismiss the action, in its entirety, if DISH would agree to bear its own costs and fees. *Id.* ¶ 6. Counsel gave no indication that Warnick would later re-file the same action more than a year later. *Id.* If DISH had known that Warnick intended to re-file, then it would not have agreed to bear its own costs and fees. *Id.*

## II.   NOW WARNICK RE-ASSERTS THE SAME CLAIMS.

On July 26, 2012, almost fourteen months after this Court closed the first case, Warnick filed a nearly identical complaint asserting the same two counts for negligent and willful violation of the TCPA. *Compare* Patch Decl. Exh. A (First Compl.) *with* Dkt. No. 1 (Second Compl.). Now Warnick is represented by different counsel. *See id.* The re-filed complaint is based on the same alleged facts as before. *See id.*

## ARGUMENT

I.  **RULE 41(d) PERMITS AN AWARD OF FEES OF A PREVIOUSLY DISMISSED ACTION WHEN THE SAME CLAIMS ARE RE-FILED.**

Rule 41(d) of the Federal Rules of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:  (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."  Fed. R. Civ. P. 41(d).  The fees DISH incurred informally exchanging information with Warnick's prior counsel were an unnecessary expense that are of no use to it now.

"The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct."  *Oteng v. Golden Star Resources, Ltd.*, 615 F.Supp.2d 1228, 1240 (D. Colo. 2009) (J. Wiley Y. Daniel) (quoting *Meredith v. Stovall*, 213 F.3d 1087, 2000 WL 807355, * 1 (10th Cir. 2000) (unpublished)).

Courts can award attorneys' fees as part of the reimbursable costs under Rule 41(d).  *See Oteng*, 615 F.Supp.2d 1228 at 1240 ("The Tenth Circuit indicated in its unpublished opinion in *Meredith* that an award of attorneys' fees may be appropriate as part of an award of costs under Rule 41(d).").  The Court does not have to find that the plaintiff acted in bad faith.  *See id.* at 1242 (finding award of costs and attorneys' fees in the amount of $15,000 to be appropriate and reasonable).

II.  **DISH IS ENTITLED TO THE FEES INCURRED NEGOTIATING WITH WARNICK'S PRIOR COUNSEL AND TO A STAY UNTIL THEY ARE PAID.**

The Court can award costs associated with work that will not be useful to the defendant in the newly-filed action.  *See Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996).  Although DISH incurred significant fees and costs in the first action, DISH seeks to be

reimbursed for <u>only</u>:  (1) the fees incurred negotiating with Warnick's prior counsel, which led him to dismiss the prior action; and (2) local counsel fees related to filing the various pleadings in the first action.  *See* Patch Decl. ¶¶ 7, 9.  The time spent negotiating with Warnick's prior counsel cannot possibly be of any use to DISH in the current action.  The same is true for the time spent by local counsel on filings in the prior action.

During the two months that the first action was pending, DISH's counsel spent 4.2 hours engaged in telephone conferences with opposing counsel, attempting to schedule a meeting in Denver, Colorado, and preparing for and engaging in the Rule 26(f) conference with opposing counsel.  *Id.* ¶ 7.  Only one attorney representing DISH engaged in these negotiations; at his hourly rate of $675, DISH incurred fees of $2,835.  *Id.* ¶¶ 7-8.  DISH also seeks the fees and costs associated with the work by local counsel in filing the various pleadings in the first action, which is an additional $467.50.  *Id.* ¶¶ 9-10.

This amount represents only <u>a small fraction</u> of the fees and costs incurred by DISH in the first action.  There is simply no way for Warnick to argue that this work can be of any use to DISH in the current action.  This action should be stayed pending Warnick's payment to DISH of this reasonable amount.  *See Esquivel*, 913 F. Supp. at 1393 (ordering stay pending payment of costs and fees).

///

///

///

///

///

///

## CONCLUSION

For the foregoing reasons, the Court should grant DISH's motion for costs in the reasonable amount of $3,302.50 and stay these proceedings until that amount is paid.

Dated this 20th day of September, 2012.

By: */s/Richard R. Patch*

Richard R. Patch (CA Bar No. 88049)
Zuzana S. Ikels (CA Bar No. 208671)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA  94111-4213
Telephone:     415.391.4800
Facsimile:     415.989.1663
Email:         ef-rrp@cpdb.com
               ef-zsi@cpdb.com

Todd E. Mackintosh, Esq.
WOOD, RIS & HAMES, P.C.
1775 Sherman, Suite 1600
Denver, CO  80203
Telephone:     303.863.7700
Facsimile:     303.830.8772
Email:         tmackintosh@wrhlaw.com

Attorneys for Defendant
DISH NETWORK L.L.C.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of September, 2012, I electronically filed the

foregoing **DEFENDANT DISH NETWORK LLC'S MOTION FOR COSTS AND TO**

**STAY THE PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will

send the notification of such filing to the following e-mail addresses and/or mailed copies of the

foregoing via the U.S. Mail, postage prepaid, as follows:

Steven L. Woodrow, Esq.  
Megan Lindsey, Esq.  
EDELSON McGUIRE LLC  
999 W. 18th Street, Suite 3000  
Denver, CO  80202  
Telephone:      303-357-4878  
Facsimile:      303-446- 9111  
Email:           swoodrow@edelson.com  
                     mlindsey@edelson.com  

David Schafer, Esq.  
Brian Trenz, Esq.  
THE LAW OFFICES OF  
     DAVID SCHAFER, PLLC  
7800 IH-10 West, Suite 830  
San Antonio, TX  78230  
Telephone:      210-348-0500  
Email:           david@helpingtexas.com  
                     brian@helpingtexas.com  

Keith J. Keogh, Esq.  
Timothy Sostrin, Esq.  
KEOGH LAW, LTD  
101 N. Wacker Drive, Suite 605  
Chicago, IL  60606  
Telephone:      312-726-1092  
Facsimile:      312-726-1093  
Email:           Keith@KeoghLaw.com  
                     TSostrin@Keoghlaw.com  

*/s/Richard R. Patch*