IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01952-WYD-MEH

SETH WARNICK, on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

DISH NETWORK L.L.C.,

        Defendant.

## PROTECTIVE ORDER

Good cause appearing, and in conformance with the parties' agreement:

**IT IS HEREBY ORDERED** that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

1. This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, and other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with this action which any party or nonparty (whether or not it furnished the materials or information) designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    a. The designation of "CONFIDENTIAL" is intended to encompass materials and information of whatsoever nature that the designating party or nonparty in good

faith believes comprise or reflect proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party or nonparty would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents.  Such materials may encompass information which Defendant contends it is prohibited from disclosing pursuant to federal and state statutes, including but not limited to the Satellite Home Viewer Extension and Reauthorization Act of 2004 (SHVERA), 47 U.S.C. § 338(i)(4)(A), which provides that "a satellite carrier shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or satellite carrier."  The Court reserves any finding that federal and state statutes including SHVERA apply, or how the parties should comply with those statutes during discovery, until the issue is briefed by the parties.

      b.    A party or nonparty (whether or not it furnished the materials or information) may also designate their discovery materials and information provided in this litigation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when that party or nonparty has a good faith belief that such materials and information are particularly competitively sensitive and competitively relevant at the time of production and therefore require a heightened level of protection.  Such materials may encompass information which Defendant contends it is prohibited from disclosing pursuant to federal and state statutes, including but not limited to SHVERA, which provides that "a satellite carrier shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or satellite carrier."  The Court reserves any finding that federal and state statutes including SHVERA apply, or how the parties should

comply with those statutes during discovery, until the issue is briefed by the parties.

2. Materials and information governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein.

3. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by that party or nonparty pursuant to Paragraphs 5 through 8 of this Protective Order.

4. The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

    a. In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial and trial testimony): by affixing a plainly visible confidentiality designation legend to: (i) the first page and each page containing any confidential information or materials; or (ii) physically on the outside of any media for storing electronic documents, if produced in native format, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or materials disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "documents and electronically stored information" as defined in Rule 34 of the Federal Rules of Civil Procedure, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of

Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

      b.    In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within five (5) court days after the deposition. (For the elimination of doubt, email notification constitutes written notification under this Protective Order.) The parties shall treat all deposition and other pretrial testimony as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order until the expiration of five (5) court days after the deposition. Unless designated as confidential pursuant to this Protective Order, any confidentiality is waived after the expiration of the 5-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court. If the contents of any document or information designated under this Protective Order are referenced during the course of a deposition, that portion of the deposition record reflecting such confidential information shall also be treated, without the need for additional designation, with the same confidential protection as that document or information.

      c.    A party or nonparty furnishing documents and things to parties shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

5. Information or materials designated as "CONFIDENTIAL" under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. Counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

b. The parties (including party affiliates) and their directors, officers, executives, in-house counsel, employees and representatives, to the extent necessary or appropriate to the prosecution or defense of this litigation.

c. Subject to Paragraphs 7 and 8 herein, persons who are expressly retained or sought to be retained by a party or parties as outside consultants or testifying experts, such as economists, statisticians, accountants, industry or technical experts, and the employees or support staff of such consultants or experts; provided that the disclosure of such material to any persons under this subparagraph shall only be to the extent necessary to perform their work in connection with this litigation.

d. Subject to Paragraph 8 herein, any other persons who are designated to receive information or materials designated "CONFIDENTIAL" by order of this Court after notice to the parties, or by written stipulation of the designating party or parties.

    e. Subject to Paragraph 8 herein, any person of whom testimony is taken, or is scheduled to be taken, in this action. No individual who is shown confidential information or materials or testimony pursuant to this subsection shall be permitted to retain or keep copies of the confidential material or testimony shown under any circumstances.

    f. The Court and Court personnel.

    g. Subject to Paragraph 8 herein, court reporters, interpreters, and videographers employed in connection with this action.

  6. Information or materials designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a. Counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

    b. In-House counsel for the parties herein.

    c. Subject to Paragraphs 7 and 8 herein, persons who are expressly retained or sought to be retained by a party or parties as outside consultants or testifying experts, such as economists, statisticians, accountants, industry or technical experts and the employees or support staff of such consultants or experts; provided that the disclosure of "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" information or materials to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

        d.     Subject to Paragraph 8 herein, any natural person of whom testimony is taken, or is scheduled to be taken, in this action, and who authored or previously received the information or materials in the course of business.  In addition, to the extent the information or material purports to describe the conduct or statements of the person, he or she may be shown the particular portion of the information or material purporting to describe his or her conduct or statements, but only that portion and not the remainder of the information or material.  Similarly, witnesses may review testimony of another witness designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the extent the testimony purports to describe the conduct or statements of the person, but only that portion and not the remainder of the testimony.  No individual who is shown confidential information, material or testimony pursuant to this subsection shall be permitted to retain or keep copies of the confidential information, material or testimony shown under any circumstances.

        e.     The Court and Court personnel.

        f.     Subject to Paragraph 8 herein, court reporters, interpreters, and videographers employed in connection with this action.

    7.     For the purposes of this Protective Order, an outside consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

    8.     Each person set forth in Paragraphs 5, 6 and 7 who is not (i) outside counsel for a party (or staff or supporting personnel of outside counsel for a party, as defined in

subparagraphs 5(a) and 6(a)); (ii) inside counsel for a party (pursuant to subparagraph 5(b) or 6(b)), or staff or supporting personnel of such inside counsel; or (iii) the Court or Court personnel to whom information or materials designated under this Protective Order are to be disclosed, shall, prior to receiving such information or materials, be furnished with a copy of this Protective Order and a copy of the Non-Disclosure Agreement attached hereto as Exhibit A-1, which the person shall read and sign. Counsel for the party seeking to disclose material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Non-Disclosure Agreements. Copies of any such Non-Disclosure Agreements (except for those signed by non-testifying experts or outside consultants who need not be disclosed under Rule 26) shall be provided to counsel for the designating parties or nonparties upon request at any point after both plaintiffs' and defendants' experts have been disclosed in accordance with Rule 26. Counsel shall retain copies of Non-Disclosure Agreements signed by all experts and outside consultants they have retained, including non-testifying experts or consultants, for a period of two years following the initial conclusion of this action in the district court.

9. All information and material designated under this Protective Order shall be kept in secure facilities in a manner intended to preserve confidentiality. Access to those facilities shall be permitted only to those persons set forth in Paragraphs 5, 6 and 7 above as persons properly having access thereto. The recipient of any information or materials designated under this Protective Order shall use its best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information or materials.

10. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall affect any right of any party to redact information or materials for privilege, relevancy or privacy reasons. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

11. In the event that any information or material designated under this Protective Order is used, described, characterized, excerpted, or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings; and (iii) the party shall seek leave of the Court to file such material under seal, except that upon the default of the filing party to so designate, any party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal. If the material in the envelope contains information or materials that have been designated "attorneys' eyes only", then the sealed envelope shall also be stamped with the notation "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection. Counsel for the designating party shall have the opportunity to oppose any request for public inspection.

12. Any information and material produced by nonparties, pursuant to subpoena or otherwise, may be designated pursuant to the terms of this Protective Order by any party or nonparty. Where two or more parties or nonparties each designate different copies of the same information or material with differing confidentiality designations, the higher (i.e., more protective) designation shall control the protection the information or material receives under this Protective Order.

13. Not later than sixty (60) days after discovery is served, a party or any other person objecting to the designation of confidential information shall provide written notice of the objection to the designating party specifying the materials that are the subject of the objection and detailed grounds for the objection. Within ten (10) business days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objections. If such conference does not resolve the objection or does not take place within ten (10) business days, then the designating person may apply to the Court, by motion, for a ruling that material designated by a party as confidential information shall be treated as confidential information. The designating party shall have the burden of demonstrating the propriety of that designation. Pending determination by the Court, material designated by a party as confidential shall be treated as initially designated and provided in this Order. Failure of the designating party to apply for a ruling within ten business (10) days after such conference or after the expiration of the conference time frame waives its right to confidentiality for such documents unless this time is extended by mutual consent of the parties.

14. Nothing in this Protective Order shall preclude any party to the lawsuit or its counsel: (a) from showing information or materials designated under this Protective Order to any witness or deponent; (b) from showing information or materials designated under this Protective Order to an individual who either prepared or reviewed the document prior to the

filing of this action; or (c) from disclosing or using, in any manner or for any purpose, any information or materials from the party's own files which the party itself has designated under this Protective Order.

15.     Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party that designated the materials or information consents in writing to such disclosure, or if a court orders such disclosure.  A party requested to disclose information or materials designated under this Protective Order to a nonparty pursuant to a subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall notify the designating party of such as soon as is reasonably practical, but in all instances reasonably prior to the date on which such material designated under this Protective Order is requested to be produced to the nonparty.  It shall be the designating party's burden to object to its production to the extent permitted by applicable law.  Receiving party shall also notify the requesting nonparty of the existence of this Protective Order and that the information or materials requested by the nonparty has been designated under this Protective Order.  Receiving party shall comply as required by law and as required by the time frame unless the designating party obtains an agreement by the requesting party in writing or a court order continuing or modifying or quashing the request for production.

16.     If a party inadvertently fails to designate information or materials as confidential, when producing or otherwise disclosing such information or materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality.  As soon as the receiving party is informed by the producing or designating party that it is designating previously produced information or materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY", the information must be treated as if it had been timely designated under this Protective Order, and the receiving party shall provide the producing or designating party with the name and contact information, including, if available, email address, of all persons or entities to whom copies of the information or materials were distributed or disclosed where the person or entity was not authorized to access such information or materials by Paragraphs 5, 6 or 7 above. This provision shall not affect the waiver provisions in Paragraph 4(b) above with respect to testimony.

17. All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

18. Entering into, agreeing to, and/or producing or receiving information or material designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

    a. operate as an admission by any party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

    b. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information or materials designated under this Protective Order;

    c. prejudice in any way the rights of any party to object to the production of information or materials they consider not subject to discovery;

        d.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

        e.    prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

        f.    prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information or materials; or

        g.    prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party or nonparty designating such information or materials.

19.    This Protective Order shall not be construed to apply to any information or materials that: (a) are available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the receiving party at the time of disclosure and were not subject to conditions of confidentiality; or (c) a receiving party can demonstrate were developed by that receiving party independently of any disclosure by a designating party or nonparty.

20.    In the event that a request for disclosure of information or materials in the possession or control of a person or entity involves the confidentiality rights of a nonparty or disclosure of the information or materials would violate a protective order issued in another

action, the party with possession or control of the information or materials will promptly attempt to obtain the consent of the nonparty to disclose the information or materials under this Protective Order. If the consent of the nonparty is refused or otherwise cannot be obtained, the party responding to discovery will meet and confer with the requesting party, and if the parties cannot agree on how to proceed, may move the Court for an order protecting such materials or information from disclosure.

21.  Upon request of the producing party, within sixty (60) days after the final termination of litigation between the parties, all information or materials designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party.

22.  Inadvertent Disclosure of Protected Discovery Materials:

a.  "Protected Discovery Materials" means materials or information that may be privileged, including attorney work product, and also encompasses materials protected from disclosure by applicable federal or state statutes, including but not limited to SHVERA.

b.  Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of Protected Discovery Materials shall not constitute a waiver of any privilege or other protection (including work product) if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of inadvertent disclosure. In the event of inadvertent disclosure of Protected Discovery Materials, the producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within ten (10) business days from the date that the inadvertent disclosure was

discovered or brought to the attention of the producing party, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly return or destroy all copies of the inadvertently disclosed discovery materials.

        c.     Privileged or other protected information inadvertently disclosed by a party will be handled in accordance with the provisions of Federal Rule of Civil Procedure 26(b)(5) with the following modifications: (i) upon notification by any party that any discovery materials are subject to a claim of privilege, work product protection or other protection, any party that has received such discovery materials shall return such discovery materials to the producing party, or destroy all copies of such discovery materials within ten (10) business days pursuant to Paragraph 22(d) below; (ii) if the receiving party opposes the claim of privilege, work product protection or other protection, the parties shall treat the dispute as a discovery dispute pursuant to District of Colorado Local Civil Rule 37.1 following the return or destruction of all copies of such discovery materials pursuant to Paragraph 22(e) below, but in no event may the receiving party challenge the claim of privilege, work product protection or other protection more than thirty (30) business days after receiving notice of the inadvertent disclosure; and (iii) disclosure of privileged or work product protected information shall not result in the waiver of any associated privileges or work product protections.

        d.     Upon receiving notice of an inadvertent disclosure, the receiving party must return or destroy the specified discovery material(s) and all altered and unaltered hard and electronic copies in the receiving party's possession within ten (10) business days. Destroyed discovery materials may be destroyed, deleted, or rendered inaccessible or disabled. The receiving party must promptly certify that the materials have been returned or destroyed.

Notwithstanding the foregoing, the receiving party will not be required to return or destroy any CD-ROM or other form of electronic production containing both inadvertently disclosed privileged materials and non-privileged documents, until the producing party has provided a CD-ROM or other form of electronic production containing all such non-privileged discovery materials. To the extent that the information contained in discovery materials subject to a claim of inadvertent disclosure has already been used or described in other documents or things generated or maintained by the receiving party (including its outside counsel, consultants, experts or other agents), the receiving party must make its best efforts to retrieve and return or destroy those documents or things.

        e.        The receiving party returning materials subject to a claim of inadvertent disclosure shall have ten (10) business days from receipt of notice of the inadvertent disclosure to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection and shall state with specificity the grounds for the objection to the claim of privilege or other applicable protection from disclosure. The receiving party must still return the material within ten (10) business days of receiving notice of the inadvertent disclosure, but may move the Court for an order compelling production of the material following its return within thirty (30) business days of receiving notice of the inadvertent disclosure. Said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent disclosure. If the receiving party, following attempts to resolve the dispute, files a motion to compel production of the inadvertently disclosed material, the producing party will have ten (10) business days from being served with the motion to compel to submit to the Court the specified information (in camera or under seal) and the grounds for the asserted privilege or protection.

23. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

24. Both parties reserve the right to further modify this Order upon showing of good cause.

ORDERED this 13th day of December, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

## **EXHIBIT A-1**

## **NON-DISCLOSURE AGREEMENT**

I,_____, do solemnly swear that I have read and am fully familiar with the terms of the Stipulation and Protective Order regarding confidentiality of discovery documents and information entered in *Seth Warnick v. DISH Network L.L.C.*, Case No. 12:-cv-01952-WYD-MEH, in the United States District Court for the District of Colorado. I hereby agree to comply with and be bound by the terms and conditions of that Protective Order unless and until modified by further Order of that Court. I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __day of _____ ,20__, at _____.

Signed: _____

Address: _____

_____