IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01952-WYD-MEH

SETH WARNICK, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

DISH NETWORK LLC,

      Defendant.

---

## ORDER ON MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Motion to Compel and Extend Date to File Class Certification Memorandum [filed January 21, 2013; docket #36]. The matter is briefed and has been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons that follow, the Court **grants in part** and **denies in part** the motion to compel.

## I.      Background

      Plaintiff initiated this action on July 26, 2012 alleging generally that Defendant unlawfully contacted Plaintiff on his cellular telephone by an automated dialing system without Plaintiff's prior consent in violation of the Telephone Consumer Protection Act (TCPA). According to the Complaint, the TCPA "prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party." Complaint, ¶ 9, docket #1. Defendant responded to the Complaint with a motion to dismiss for failure to state a claim and, in the alternative, motion to strike. Motion to Dismiss, docket #17.

In his present motion, Plaintiff seeks an order compelling the Defendant to provide documents related to Plaintiff's allegations of class-wide violations of the TCPA; specifically, Plaintiff seeks copies of documents responsive to Requests for Production Nos. 4, 5, 14, 15, 16, 17 and 22.  Defendant counters that Plaintiff's Rule 37 conferral was deficient, that it has produced 1300 pages of documents, and that Plaintiff fails to specify what he wants that the Defendant has not already produced.  Plaintiff replies that his conferral with Defendant encompassed a meeting and several communications and, thus, is sufficient.  Plaintiff also claims that Defendant should file an affidavit of completeness if it believes the requests have been fully answered.

## II.    Legal Standard

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2012).  Generally, the party objecting to discovery as irrelevant must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1).  *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

## III.    Analysis

As a threshold matter, the Court finds that Plaintiff has met the conferral requirements set forth in Fed. R. Civ. P. 37 and D.C. Colo. LCivR 7.1A.  The fact that Plaintiff did not include a "certificate" of conferral is of no import; Rule 7.1A allows a statement describing efforts to confer to be included in the motion, and the Plaintiff has complied.  Further, defense counsel made it clear

in communications with Plaintiff's counsel, and in its responses to discovery requests, that it believes class-based discovery is irrelevant and premature in this case. The Court finds Plaintiff's description of the parties' efforts to resolve the issue without court action sufficient to meet conferral requirements.

In this case, Defendant primarily objects to Plaintiff's "class" discovery as irrelevant and "premature."[1] The Court broadly construes relevancy, and a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). When the requested information appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *Id.*;(citing *Simpson*, 220 F.R.D. at 359). "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Ctrs. Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003); *see also Bonnano*, 255 F.R.D. at 553.

First, however, the party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) ("appellees had

---

[1]The Court agrees with the Plaintiff that any class-based discovery would not be premature in this matter, particularly in light of Judge Daniel's order extending time to brief the motion for class certification "until after class-related discovery has occurred." Order, docket #20.

the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

Here, the Court will proceed to determine whether, for each challenged request for production (RFP), the Plaintiff has shown that the responses are incomplete and, if so, whether relevancy of the request is readily apparent.  If the Plaintiff meets these obligations, the Court will determine whether the Defendant has shown each request is not relevant.

A.     RFP No. 4

RFP No. 4 requests from the Defendant "all documents, data or things that show an individual's consent to receive telephone calls on a cellular telephone" for the Plaintiff and for any person in the United States to whom Defendant placed a telephone call using an automatic dialing system to a cell phone.  Docket #36-1 at 10.  Without waiving all of its objections, Defendant agreed to produce "non-privileged, and if necessary redacted, documents sufficient to show the various means by which DISH obtains current contact information for its customers."  *Id.* at 11.  In fact, Defendant contends in its response brief that it produced "policies, practices and procedures for obtaining customers' telephone numbers" and "how it obtains consent from these customers." Docket #38 at 8.  Plaintiff counters that he is not a customer and that the class may consist of customers and/or non-customers.  Defendant responds that it gets all contact information from its customers and that, to the extent it calls a non-customer, the call(s) must have been a mistake. Further, Defendant contends that it does not differentiate between cellular phones and land lines when calling its customers.

The Court finds that Plaintiff does not necessarily demonstrate the Defendant's response to

the request is incomplete.   Plaintiff does not dispute that Defendant produced information concerning obtaining customer's telephone numbers and their consent to call.   Further, Defendant responded to Interrogatory No. 2 saying,

> DISH sent a handful of calls to (210) 789-5899, because it was the number that had been associated with the account of a current customer. DISH's policy with regard to important, account information calls to customers is to contact those customers at numbers provided to DISH by the customer. The contact information is provided directly by the customer to DISH. To the extent that any such calls were erroneously made to non-customers, DISH does not maintain records, in the normal course of business, that aggregate those calls. To the extent a call was placed to a number which had not been previously provided to it by a customer, and/or was purportedly not the correct number for the DISH customer, it would be as a result of an error. Further, the process by which these important, account information calls are made by DISH does not determine or track if a telephone number is associated with a cellular telephone.

Docket #38-1 at 10-11.   The Court finds no reason to doubt the credibility of the individual who executed the sworn interrogatory responses, nor an officer of the court responding to discovery in this case.   If documents containing information concerning calls tracked specifically to cellular telephones do not exist, then there is nothing to compel.   Thus, other than that already produced by the Defendant, there appear to exist no documents, data or things that are responsive to RFP No. 4, and the Plaintiff fails to specify what documents, data or things, if any, Defendant may possess that should be produced.   Accordingly, Plaintiff's motion to compel further production in response to RFP No. 4 is denied.   However, the Plaintiff is entitled to have from the Defendant a verified response to his request that no further responsive documents exist.   *See* Advisory Committee comments to 1970 Amendments to Fed. R. Civ. P. 34(b) ("[t]he procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended"); *see also* Fed. R. Civ. P. 33(b)(3) ("[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"); *Vazquez-Fernandez v. Cambridge College, Inc.*, 269 F.R.D. 150, 154 (D.P.R. 2010)

("[i]t follows then, that when a response to a [request for] production of documents is not a production or an objection, but an answer, the party must answer under oath."). Therefore, Defendant shall supplement its response to RFP No. 4 providing such verified response.

      B.      <u>RFP No. 5</u>

RFP No. 5 seeks "[a]ll records of outgoing calls made to cellular phones with either an automatic dialing system, predictive dialing system, or equipment with the capacity to dial telephone numbers without human intervention between July 26, 2008 and June 8, 2012." Docket #36-1 at 11. Without waiving its objections, Defendant agreed to produce "non-privileged, and if necessary redacted, documents in its possession of all calls it made to (210) 789-5899." *Id.* at 12. Defendant contends that it did, in fact, produce "documents showing the date, time, and scripts of calls DISH made to (210) 789-5899." Response, docket #38 at 8. Plaintiff does not dispute that it received these documents. Again, however, Defendant has attested that it "does not determine or track if a telephone number is associated with a cellular telephone." Docket #38-1 at 11. And, the Plaintiff does not specify which records Defendant may possess that are responsive and must be produced.

Therefore, other than that already produced by the Defendant, there appear to exist no records that are responsive to RFP No. 5, and the Plaintiff's motion to compel further production in response to RFP No. 5 is denied. However, the Plaintiff is entitled to have from the Defendant a verified response to his request that no further responsive documents exist; therefore, Defendant shall supplement its response to RFP No. 5 providing such verified response.

      C.      <u>RFP No. 14</u>

RFP No. 14 requests "[a]ll documents from any source that concern the legality or propriety of making telephone calls to customers' cellular phones." Docket #36-1 at 21. Without waiving its

objections, Defendant agreed to produce "non-privileged documents regarding its policies, practices and procedures that reference the TCPA." *Id.* Defendant claims that it produced "a recent third-party audit approving of DISH's telephone practices" (docket #38 at 8), but mentions nothing about documents referencing the TCPA. Therefore, to the extent that such documents exist and are in the possession, custody or control of the Defendant, the Court grants Plaintiff's motion to compel production of non-privileged documents referencing the TCPA; otherwise, the Defendant shall provide a verified response that no further responsive documents exist.

      D.     RFP No. 15

RFP No. 15 seeks "[a]ll documents (irrespective of date) relating to any judicial or administrative proceeding or any other claim against defendant in which defendant was accused of violating the Telephone Consumer Protection Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities, where the accusation concerns telephone calls to cellular phones." Docket #36-1 at 21. Defendant objected on the bases of privilege, work product, relevance and undue burden, and did not agree to produce any documents in response to the request. While Defendant's response appears to be incomplete here, the relevance of this request, particularly of accusations that may be years or decades old, is not readily apparent for Plaintiff's class claims. *See Bonnano*, 255 F.R.D. at 553. In fact, Plaintiff defines the class as follows:

      (a)     All persons within the United States to whose cellular telephone number;

      (b)     Dish or an entity on its behalf, placed a non-emergency telephone call;

      (c)     through the use of an automatic telephone dialing system or an artificial or prerecorded voice;

      (d)     ***within four years prior to filing this lawsuit;***

(e)     where Dish cannot show that the person provided prior express consent for such calls.

Complaint, ¶ 24, docket #1 (emphasis added).  The Court finds RFP No. 15 is overly broad and denies Plaintiff's motion to compel Defendant's response to RFP No. 15.[2]

E.     RFP No. 16

RFP No. 16 requests "[a]ll documents (irrespective of date) which constitute or reference communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to telephone calls to cellular phones."  Docket #36-1 at 22.  Defendant lodged the same objections as those in response to RFP No. 15.  And, for the same reasons set forth in this Court's analysis of RFP No. 15, the Court finds RFP No. 16 is overly broad and denies Plaintiff's motion to compel Defendant's response to RFP No. 16.

F.     RFP No. 17

RFP No. 17 seeks copies of "[a]ll documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act."  Docket #36-1 at 23.  Defendant lodges the same objections as those in response to RFP Nos. 15 and 16, but agrees, without waiving its objections, to produce "non-privileged documents regarding its policies,

---

[2]Plaintiff points to an August 20, 2012 order by the Honorable R. Brooke Jackson in a separate class action brought in this District against Defendant, in which Judge Jackson granted "class-related" discovery.  Specifically, Judge Jackson ordered "DISH shall produce non-privileged documents and information within DISH's possession, custody, or control, relating to complaints of unlawful telemarketing via auto-dialer, pre-recorded message, or in violation of the Do Not Call Registry in any way relating to DISH goods or services, whether received orally, in writing, or electronically, and DISH's response to those complaints, *subject to the other terms of this order*."  Docket #36-3 at 4 (emphasis added).  The "other terms of this order" include Judge Jackson's limitation on the temporal scope of discovery, which extends past the four-year statute of limitations but does <u>not</u> extend indefinitely.  *Id.* at 2.

practices and procedures that reference the TCPA." *Id.* As set forth above, Defendant claims that it produced "a recent third-party audit approving of DISH's telephone practices" (docket #38 at 8), but mentions nothing about documents referencing the TCPA. Therefore, to the extent that such documents exist and are in the possession, custody or control of the Defendant, the Court grants Plaintiff's motion to compel production of non-privileged documents referencing the TCPA. Otherwise, for the same reasons set forth in this Court's analysis of RFP Nos. 15 and 16, the Court finds RFP No. 17 is overly broad and denies Plaintiff's motion to compel Defendant's further response to RFP No. 17.

  G.  <u>RFP No. 22</u>

  RFP No. 22 requests "[a]ll statistics, studies and reports concerning the use of telephony or the use of automatic telephone dialing systems, predictive telephone dialing systems, or equipment with the capacity to dial telephone numbers without human intervention." Docket #36-1 at 27. Defendant objects on the bases of privilege, relevance, overbreadth, undue burden, confidentiality, and vagueness. *Id.* at 27-28. Defendant also responds, "DISH is not in the business of developing these kinds of studies." *Id.* at 28. The Court finds that, to the extent the documents exist, Plaintiff's request is relevant on its face. Although the request does not specify a time period, the parties provide no information concerning whether a time limitation is necessary here and the Court does not perceive any necessary limitation on this particular request. However, DISH seems to imply that it possesses no such documents. Therefore, to the extent that such statistics, studies or reports exist and are in the possession, custody or control of the Defendant, the Court grants Plaintiff's motion to compel production of any such non-privileged documents; otherwise, the Defendant shall provide a verified response that no responsive documents exist.

H.      Request for Extension of Time

In light of this order, and because it is possible the Defendant possesses documents and/or information concerning Plaintiff's class claims as set forth herein, the Court finds the Plaintiff has demonstrated good cause to extend the deadline for Plaintiff to file a memorandum in support of his motion for class certification to April 15, 2013.  Following the governing Scheduling Order in this case, the Defendant's response to the motion for class certification shall be filed on or before May 15, 2013, and the Plaintiff shall file a reply in support of his motion on or before June 14, 2013.

**IV.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel and Extend Date to File Class Certification Memorandum [filed January 21, 2013; docket #36] is **granted in part and denied in part** as specified herein.  All requests for attorney's fees in this matter are denied.  Any production of documents and/or verified responses shall be submitted to the Plaintiff on or before March 15, 2013.  Furthermore, to the extent that Defendant is withholding documents it considers to be privileged pursuant to the attorney-client or work product doctrines, the Defendant shall produce a privilege log reflecting applicable information concerning such documents on or before March 15, 2013, if it has not already done so.

Dated at Denver, Colorado, this 1st day of March, 2013.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge