IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  12-cv-01952-WYD-MEH

SETH WARNICK, on behalf of himself and all others similarly situated,

     Plaintiff,

v.

DISH NETWORK LLC,

     Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

      This matter is before the Court on two motions:  Defendant DISH Network LLC's

["DISH"] Motion to Dismiss Plaintiff's Complaint as Time-Barred, Or, In the Alternative,

To Strike Plaintiff's Claims for Statutory Damages ["motion to dismiss"] filed September

11, 2012, and DISH's Motion for Costs and to Stay the Proceedings ["motion for costs"]

filed September 20, 2012.  A response to the motion to dismiss was filed on October 2,

2012, and a reply was filed on October 19, 2012.  A response to the motion to costs

was filed on October 5, 2012, and a reply was filed on October 22, 2012.  For the

reasons stated below, both motions are denied.

II.    <u>BACKGROUND</u>

      Plaintiff's case is brought under the Telephone Consumer Protection Act of 1991,

47 U.S.C. § 227 ["TCPA"].  Plaintiff alleges that DISH is liable under the TCPA for

telephone calls Plaintiff allegedly received from DISH on his cellular telephone, and

asserts a putative class action on behalf of all other persons similarly situated.  Plaintiff seeks "the greater of $500.00 in statutory damages or actual damages for each and every [negligent] call."  (Compl. ¶ 39(A).)  "[F]or each and every willful call", Plaintiff seeks "the greater of treble damages, as provided by statute, or up to $1,500 or actual damages."  *(Id.* ¶ 44(A).)

In March 2011, Plaintiff brought a previous suit for violation of the TCPA in connection with DISH's allegedly contacting him on his cellular telephone without his prior express consent.  Plaintiff's first case was filed as a putative class action on behalf of persons who received a call "on or after January 13, 2011."  (*See* Class Action Compl. For Damages and Injunctive Relief Pursuant to 47 U.S.C. § 227 *et seq.* (Telephone Consumer Protection Act), ¶¶ 22, 27(a), filed in Civil Action No. 11-cv-00615-MSK, attached to Mot. to Dismiss as Ex. A.)  Plaintiff asserted the same counts as in this case for (1) negligent violation of the TCPA; and (2) knowing and/or willful violation of the TCPA.

Just over two months after filing the suit, on May 19, 2011, Plaintiff through his prior counsel filed an unopposed motion to dismiss that case.  (Mot. To Dismiss, Ex. B.) The motion stated that "[f]ollowing Plaintiffs' counsel's communications with defendant's counsel in preparation of the Initial Disclosures in this case, Plaintiff determined that this lawsuit should be dismissed without prejudice, with all parties to bear their own costs and fees, pursuant to Fed. R. Civ. P. 41(a)(1)."  (*Id.*)  On May 20, 2011, Judge Marcia S. Krieger granted the motion and dismissed the case without prejudice.  (Id., Ex. C.)

-2-

On September 11, 2012, DISH filed a Request for Judicial Notice, asking the Court to take judicial notice of the complaint, Plaintiff's unopposed motion to dismiss without prejudice, and the Order of Dismissal filed in the previous action. This request is granted, as the Court may take judicial notice of these court records. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

III.   ANALYSIS

   A.   Motion to Dismiss

The motion to dismiss filed by DISH seeks to dismiss Plaintiff's case as untimely, arguing that Plaintiff's renewed claims for TCPA statutory damages are time-barred by the applicable statute of limitations. In the alternative, DISH seeks to strike the statutory damages. DISH argues that a private right of action is permitted only if the claim is "otherwise permitted" by the laws of the forum state. Under Colorado law, DISH asserts that statutory damages such as those requested by Plaintiff under the TCPA are a penalty and must be commenced within one year after the cause of action accrues pursuant to C.R.S. § 13-80-103(1)(d). Since Plaintiff's renewed claims are based on calls allegedly made in January of 2011 and the complaint was not filed until July 26, 2012, DISH contends that he is barred from pursuing statutory damages. In response, Plaintiff contends that his claims are timely because they are governed by the four-year limitations period set forth in 28 U.S.C. § 1658(a), and were filed within four years after accrual of the cause of action.

Turning to my analysis, I first note that in reviewing a motion filed pursuant to Fed. R. Civ. P. 12(b)(6), the court must "accept all well-pleaded facts as true and view

them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs of County of Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege that 'enough factual matter, taken as true, [makes] his claim for relief ... plausible on its face.'" *Id.* (quotation and internal quotation marks omitted). "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009)).

A plaintiff "must include enough facts to 'nudge[] [its] claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quotation omitted). Conclusory allegations are not sufficient to survive a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). The court can resolve statute of limitations questions on a Rule 12(b)(6) motion when the dates make clear that the right sued upon has been extinguished. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

DISH alternatively moves to strike Plaintiff's claims for TCPA statutory damages. A district court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f).

The parties' positions require me to resolve which is applicable in this case–the federal catch-all four-year statute of limitations set forth in 28 U.S.C. § 1658(a) or the Colorado one-year statute of limitations (or some other state limitations period). To determine that issue, I look to the TCPA, beginning "with the plain language of the law.'"

*St. Charles Inv. Co. v. C.I.R.*, 232 F.3d 773, 776 (10th Cir. 2000).  The TCPA does not expressly provide a statute of limitations for a private right of action.  *See Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 591 (2d Cir. 2011), *cert. granted and judgment vac'd*, 133 S. Ct. 159 (Oct. 1, 2012).  It does, however, state that "[a] person or entity may, *if otherwise permitted by the laws or rules of court of a State*, bring in an appropriate court of that State" a private action to enjoin a TCPA violation and to recover damages for actual monetary loss or $500.00, whichever is greater.  47 U.S.C. § 227(b)(3) (emphasis added).

The Tenth Circuit has construed this statute to mean that "federal courts apply substantive state law".  *US Fax Center, Inc. v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007).  It has not, however, decided the issue of whether state statute of limitations control, and there is a split in authority in the courts about whether the federal four-year statute of limitations or state law statutes of limitation apply.  *See Hawk Valley, Inc. v. Taylor*, No. 10-CV-00804, 2012 WL 1079965, *8 and n. 30 (E.D. Pa. March 30, 2012) (noting the split of authority and citing cases on both sides that have decided the issue).

DISH relies heavily on the Second Circuit decision in *Giovanniello*, 660 F.3d at 593.  It noted that "federal law authorizes TCPA claims only as 'otherwise permitted' by state law", which "indicates that 'Congress intended to give states a fair measure of control over solving the problems that the TCPA addresses.'"  *Giovanniello*, 660 F.3d at 593 (quotation omitted).  It then found that "[s]uch control encompasses not only the general authority to recognize particular causes of action, but also the specific authority to determine the time period within which such actions will be recognized."  *Id.*

-5-

Accordingly, the *Giovanniello* court construed the "otherwise permitted" provision of § 227(b)(3) "to signal Congress's intent to allow state statutes of limitations to control a TCPA filing." *Id.* It held that "[i]f a claim for the transmission of an unsolicited commercial fax is no longer 'permitted' by a state statute of limitations, it cannot be maintained under the TCPA, notwithstanding the federal catch-all statute of limitations provided in 28 U.S.C. § 1658(a)." *Id.*. The Seventh Circuit, on the other hand, held that the federal four-year statute of limitations provided by § 1658 applies to TCPA claims. *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560 (7th Cir. 2011).

I find that a recent Supreme Court decision provides guidance on this issue and calls into question the continued viability of *Giovanniello*. Thus, in *Mims v. Arrow Fin. Servs., LLC*, ___ U.S. ___, 132 S. Ct. 740 (Jan. 18, 2012), the Supreme Court was called upon to determine "whether Congress' provision for private actions to enforce the TCPA renders state courts the *exclusive* arbiters of such actions." *Id.*, 132 S. Ct. at 744 (emphasis in original). The district court, affirmed by the Eleventh Circuit, dismissed a private TCPA action for lack of subject matter jurisdiction under the provision of the TCPA that gives a private person the right to seek redress for violations of the Act "in an appropriate court of [a] state,' 'if [such an action is] otherwise permitted by the laws or rules of court of [that] State.'" *Id.* (quoting 47 U.S.C. § 227(b)(3), (c)(5)).

The Supreme Court reversed the district court's ruling, holding that TCPA claims arise under the laws of the United States pursuant to 28 U.S.C. § 1331 and that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. *Mims*, 132 S. Ct. at 745, 748-50. In so holding, the Court found that "the TCPA is a

-6-

federal law that both creates the claim Mims has brought and supplies the substantive rules that will govern the case." *Id.* at 745.  It further found that "[n]othing in the permissive language of § 227(b)(3) makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their 28 U.S.C. § 1331 jurisdiction over federal claims." *Id.* at 749.

As to the provision of § 227(b)(3) providing that private actions may be brought in state court 'if otherwise permitted by the laws or rules of court of [the] State," the Supreme Court noted that this "arguably gave States leeway they would otherwise lack to 'decide for [themselves] whether to entertain claims under the [TCPA]. . .'." *Mims*, 132 S. Ct. at 751.  It was not persuaded with an argument that "Congress sought only to fill a gap in the States' enforcement capabilities." *Id.*  It noted that "[h]ad Congress so limited its sights, it could have passed a statute providing that out-of-state telemarketing calls directed into a State would be subject to the laws of the receiving State", and that "Congress did not enact such a law". *Id.*  Finally, in apparent contravention of *Giovanniello*'s holding and DISH's argument that the TCPA intended to give states control over TCPA actions, the Supreme Court noted that "Congress' design would be less well served if consumers had to rely on 'the laws or rules of court of a State', § 227(b)(3), . . . to gain redress for TCPA violations." *Id.*

*Mims* did not address the statute of limitations applicable to a TCPA claim. However, the Supreme Court later recognized the significance of the *Mims* decision to *Giovanniello's* holding by vacating that decision and remanding to the Second Circuit to reconsider the case in light of *Mims*.  *Giovanniello*, 133 S. Ct. 159 (Oct. 1, 2012).  As

one court noted, and I agree, "[t]he Supreme Court's decision to vacate and remand *Giovanniello* in light of *Mims* certainly calls into question its continued viability.  *Bridging Communities, Inc. v. Top Flite Fin., Inc.*, No. 09-14971, 2013 WL 185397, *4 (E.D. Mich. Jan. 17, 2013).

    In light of *Mims*, a growing number of lower courts have interpreted the "otherwise permitted language" of § 227(b)(3) "as not obliging federal courts to apply state law when entertaining these private actions."  *See Bridging Communities*, 2013 WL 185397, *4 (citing cases).  Thus, the court in *Bridging Communities* relied on *Mims* in holding that the plaintiff's TCPA claim was subject to 28 U.S.C. § 1658(a), the federal four-year 'catch-all' statute of limitations, not the state of Michigan's statute of limitations as argued by the defendant.  *Id.* at *5-6.

    In so finding, the *Bridging Communities* court noted that "when finding that the 'if otherwise permitted' language was not Congress' attempt to 'expressly, or by fair implication divest[ ]' the federal courts of federal question jurisdiction, the Supreme Court stated that 'Congress knew full well how to grant exclusive jurisdiction with mandatory language' while drafting the TCPA."  *Id.*, 2013 WL 185397, *5 (citing *Mims*, 132 S. Ct. at 751).  It found that same rationale applicable to the statute of limitations issue, stating:

> Congress enacted the TCPA in December 1991 undoubtedly knowing that it had enacted § 1658 the previous year.  Using the reasoning of *Mims,* if Congress intended to require states to supply the limitations periods for private TCPA actions in federal court in lieu of § 1658's four-year limitations period, then Congress could have unambiguously drafted the TCPA to reflect this intention.  The TCPA, however, provides no such direction.

*Id*. The court also noted that "a plain reading" of *Mims* "reveals that the Supreme Court viewed the 'if otherwise permitted' language as simply allowing states to decide whether or not to entertain private TCPA claims in *their* courts, an option that normally would be foreclosed by the Supremacy Clause." *Id*. (emphasis in original).

Other courts have also relied on *Mims* in determining that the federal four-year statute of limitations applies to TCPA claims rather than state statutes of limitation. *Hawk Valley, Inc*., 2012 WL 1079965, *9-12; *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 841 (E.D. La. 2012); *see also Wellington Homes, Inc. v. West Dundee China Palace Restaurant, Inc*., No. 2-12-0479, 2013 WL 414236, *13-14 (Ill. App. 2 Dist. Feb. 4, 2013). I further note that courts have relied on *Mims* in finding that state laws barring or limiting class actions do not apply to a TCPA claim. *See Jackson's Five Star Catering v. Beason*, No. 10-10010, 2012 WL 3205526, *4 (E.D. Mich. July 26, 2012); *Am. Copper & Brass, Inc. v. Lake City Indus. Prods*., No. 1:09-CV-1162, 2012 WL 3027953, *2 (W.D. Mich. July 24, 2012); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. CIV. 11-00011, 2012 WL 4903269, *4-7 (D.N.J. Oct. 17, 2012); *Landsman & Funk, P.C. v. Skinder-Strauss Associates*, No. 08-3610, 2012 WL 6622120, *6-9 (D.N.J. Dec. 19, 2012). Indeed, the *Bais Yaakov* court noted that it "does not believe it appropriate to interpret the text of § 227(b)(3) as requiring a federal court to follow state law", and that "[a] growing number of lower courts" have decided likewise. *Id.* at *7 (citing cases).

I agree with the reasoning of these cases and adopt them herein. In light of *Mims,* I cannot conclude that the TCPA's "if otherwise permitted" language requires

state law statute of limitations to displace the federal four-year limitations period of

§ 1658(a). Accordingly, I reject DISH's argument that Colorado's one-year statute of

limitations applies and bars Plaintiff's claim.  Instead, I find that the four-year statute of

limitations set forth in 28 U.S.C. § 1658(a) applies, and that Plaintiff's claims are not

time-barred.  DISH's motion to dismiss is thus denied as to this issue.

   Finally, DISH argues that because Plaintiff is not entitled to statutory damages,

he may only pursue the TCPA claim "to recover for actual monetary loss" under 47

U.S.C. § 227(b)(3), and that he did not allege any such loss.  Since I have denied

DISH's argument that the statutory damages should be dismissed, this argument is

denied as moot.

   B. <u>Motion for Costs</u>

   I now turn to DISH's motion for costs.  It asserts that Plaintiff's counsel voluntarily

dismissed the first case after informal discussions with DISH regarding its merits.  In

those discussions, DISH purportedly revealed to Plaintiff's counsel that its records

reflected that the telephone number at issue was provided to DISH by a current

customer; that the small number of calls to that number were payment reminders to the

current customer, not solicitations or debt collection calls to a former customer; and that

if, unbeknownst to DISH, the number was re-assigned to Plaintiff during this same

period of time, DISH was not notified by its current customer or Plaintiff, and DISH had

no way to know that occurred.

   After DISH provided this information to Plaintiff's prior counsel, Plaintiff agreed to

dismiss his case in its entirety.  DISH asserts that it agreed to bear its own costs on the

assumption that the case was being dismissed because Plaintiff and his counsel realized that the case had no merit.  In other words, DISH assumed that Plaintiff would not re-file his case.  It further asserts that the fees it incurred negotiating with Warnick's prior counsel so as to resolve this matter without wasting additional resources are of no use to DISH in the present action, and that the time spent by local counsel filing documents in the prior case is also wasted time.  DISH seeks $3,302.50 in fees, which it contends is a small portion of the total amount of fees DISH incurred before the prior action was dismissed.  DISH also asks that the Court stay these proceedings until Warnick reimburses DISH for those fees pursuant to Fed. R. Civ. P. 41(d).

Turning to my analysis, Rule 41(d) of the Federal Rules of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."  To obtain an award of fees and costs, "the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation." *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006).

As I noted in a previous case, "[t]he purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious

conduct." *Oteng v. Golden Star Resources, Ltd.*, 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009) (quoting *Meredith v. Stovall*, 213 F.3d 1087, 2000 WL 807355, *1 (10th Cir. 2000) (unpublished)).  The decision whether to impose costs and fees under Rule 41(d) is within the court's discretion.  *Id.*

In the case at hand, I exercise my discretion and deny DISH's motion for costs under Rule 41(d).  I find that Plaintiff has shown that this suit and the prior suit were not filed vexatiously.  Plaintiff asserts that his counsel dismissed the initial action in an abundance of caution after DISH represented there was consent as to the number dialed.  At that time, according to Plaintiff, the landscape concerning the TCPA was not clear and it appeared likely that DISH could prevail on the claim based on a showing of customer consent.  Plaintiff asserts that he filed the current action after the Seventh Circuit and other cases ruled that this type of claim is actionable under the TCPA.

I also am not convinced that the work done by DISH and for which it seeks an award of costs and fees will be useless as to this case.  Plaintiff has presented plausible reasons in his response as to why some of the work may be helpful in this case and reduce the hours counsel will need to expend on discovery.  *See Oteng*, 615 F. Supp. 2d at 1240 ("the court should not impose any costs associated with work that will still be useful to the defendants in the instant litigation.").

IV.   <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Defendant DISH Network LLC's Motion to Dismiss Plaintiff's Complaint as Time-Barred filed September 11, 2012 (ECF No. 17) is **DENIED.**  It is

FURTHER ORDERED that Defendant DISH Network L.L.C.'s Motion for Costs and to Stay the Proceedings filed September 20, 2012 (ECF No. 19) is **DENIED**.

Dated:  March 19, 2013.

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel,
Senior United States District Judge