IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01952-WYD-MEH

SETH WARNICK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DISH NETWORK LLC,

    Defendant.

## ORDER

THIS MATTER is before the Court in connection with Plaintiff's Motion for Class Certification filed on July 26, 2012.  The motion sought to certify a class under the Telephone Consumer Protection Act ("TCPA"), but sought to brief the motion at a later time, after discovery had occurred.  Plaintiff asserted in the motion that it was filed early "to 'protect the putative class from attempts to buy off the named plaintiff.'"  (Mot. for Class Certification at 3) (quotation omitted).

By Order of October 2, 2012, I granted Plaintiff's request to defer ruling on the class certification issue until after class-related discovery has occurred.  I allowed the motion to remain pending at that time due to the concerns about attempts to buy off the named plaintiff, even though it was technically not ripe for resolution.  However, I reserved the right to deny the motion without prejudice for administrative purposes should the motion remain pending on the docket for a substantial length of time without being fully briefed.

Plaintiff was originally supposed to file his Memorandum in support of his Motion for Class Certification by January 21, 2013, with briefing to be completed by March 21, 2013. (*See* Scheduling Order at 7, ECF No. 28.) Since then, however, this briefing has been delayed due to disputes about class discovery, and Plaintiff is not required to file his class certification memorandum until April 15, 2013. (*See* March 1, 2013, Order of Magistrate Judge Hegarty, ECF No. 40.) The motion is not required to be fully briefed until June 14, 2013. Thus, Plaintiff's Motion for Class Certification remains on the docket without any briefing by the parties.

Based on the foregoing, I exercise my discretion to deny Plaintiff's Motion for Class Certification at this time without prejudice so that the motion does not continue to remain pending for months. Plaintiff may refile his Motion to Certify Class Action on the date his memorandum is due–April 15, 2013, and briefing can proceed based on the deadlines imposed in the Scheduling Order. Any concerns that Plaintiff sought to preserve in his original Motion to Certify Class Action are noted for the record, and Defendant may not take undue advantage of the fact that Plaintiff's motion is now denied without prejudice. It is therefore

ORDERED that Plaintiff's Motion for Class Certification (ECF No. 2) filed July 26, 2012 is **DENIED WITHOUT PREJUDICE**.

Dated: March 21, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge