IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01952-WYD-MEH

SETH WARNICK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DISH NETWORK LLC,

    Defendant.

## ORDER

I.    INTRODUCTION

THIS MATTER came before the Court on a hearing on October 30, 2014.  The hearing addressed the Order to Show Cause issued on August 28, 2014, as well as Plaintiff's Motion to Enforce Judge Daniel's Order to Produce Documents ("Motion to Enforce") filed October 3, 2014.  For the reasons discussed below, the Order to Show Cause is made absolute and the denial without prejudice by Order of June 27, 2014, of Plaintiff's Motion for Class Certification filed August 2013, is converted to a denial with prejudice.  Plaintiff's Motion for Class Certification is thus now denied with prejudice. Plaintiff's Motion to Enforce is denied.

II.    ANALYSIS

As noted in the Order to Show Cause, the class ultimately proposed by Plaintiff Seth Warnick ["Plaintiff" or "Warnick"] in the briefing related to the Motion for Class Certification was found in my Order of June 27, 2014, not to be administratively feasible,

and thus not ascertainable. Moreover, while Warnick's Motion to Enforce seeks discovery related to approximately 27,000 individuals in the TCPA Tracker, Warnick is not a part of that Tracker as he did not call DISH to complain about the calls made to him by DISH.[1] Accordingly, I held in my Order denying class certification that "a revision limiting the class to persons identified in the TCPA Tracker would not be appropriate as Plaintiff would lack standing to sue as a class representative." (Order of June 27, 2014, ECF No. 238, at 17.) Plaintiff continues, however, to attempt to pursue a class based primarily on the 27,000 individuals identified in the TCPA Tracker.

I further noted in the Order to Show Cause that Plaintiff has not pointed to any documents that would allow him to ascertain a class through an appropriate methodology other than (1) the TCPA Tracker that he is not a part of and for which he lacks standing to represent a class and/or (2) the 600+ million records that encompass all of DISH's records and for which I found discovery would be overbroad and unduly burdensome. Moreover, the discovery deadline expired on January 3, 2014 (ECF No. 142), and Plaintiff has not sought leave to obtain discovery outside the discovery period. Accordingly, I ordered Plaintiff to show cause at the hearing why I should not enter an immediate order converting the denial without prejudice of the Motion for Class Certification to a denial with prejudice, and then set the case for trial on Plaintiff Warnick's individual claims.

---

[1] As noted by DISH at the hearing, there are actually two sets of documents related to the 27,000 individuals. There is the TCPA Tracker itself and the DISH records of actual customers who are connected to the accounts identified in the TCPA tracker. The latter records are located in DISH's customer account database.

At the hearing, Plaintiff proposed that he can cure his standing problem by redefining his class as noncustomers of DISH who complained to DISH, either through calling DISH (the 27,000 individuals in the TCPA Tracker) or by filing a lawsuit about robocalls made to them by DISH (consisting of Warnick and seven other individuals who filed lawsuits against DISH).  While Plaintiff did not call DISH and is thus not part of the TCPA Tracker, he argues he has standing to represent the putative class since he complained by filing a lawsuit, and is thus similarly situated to the other seven individuals who sued DISH.  With the addition of those seven individuals, Warnick asserts he would then "part of the class" as required for a class representative.  *See Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2550 (2011).

I find, however, through the "rigorous analysis" required as to whether Plaintiff can satisfy Rule 23's requirements, *Dukes*, 131 S. Ct. at 2551, that Plaintiff's class definition is still inadequate as it is not ascertainable.  Additionally, I find that Plaintiff cannot show that a class action is the superior method for resolving this litigation.

I first address that portion of the putative class that Plaintiff asserts he is a part of—the seven individuals who complained about DISH's robocalls through filing a lawsuit.  Six of those individual's cases have, however, been dismissed.  *See Stephanie Fini v. DISH*, Case No. 12-690 (M.D. Fla.) (settled and dismissed with prejudice); *Jaquita Lyons v. DISH*, Case No. 13-cv-00192 (D. Colo.) (same); *Wade Ruch v. DISH*, Case No. 13-466 (D. Or.) (same); *Iniguez/Neuls v. DISH*, Case No. 13-1181 (D. Colo.) (Case No. 12-2354 from E.D. Cal. was transferred to this Court after one named plaintiff was dismissed with prejudice; the remaining three plaintiffs in the transferred action

subsequently settled with DISH and the case was dismissed with prejudice); *Moore v. DISH*, Case No. 13-00036 (N.D.W.V.) (summary judgment entered October 15, 2014). I find that the plaintiffs in those concluded TCPA cases could not and should not be part of any class Warnick could hope to certify. *See Aspacher v. Kretz*, No. 94-6741, 1998 WL 901683 (N.D. Ill. Dec. 19, 1998) (denying motion for leave to file amended complaint bringing previously dismissed plaintiffs back into case as dismissals with prejudice are adjudications on the merits).

As to the only other remaining individual who sued DISH, Mr. Maraan, his case was set for trial on November 18, 2014. (*Benjamin Maraan v. DISH*, Case No. 13-436 (S.D. Ohio), ECF No. 16, Scheduling Order.) I agree with DISH that Warnick, who seeks to certify a class under Fed. R. Civ. P. 23(b)(3), has not and cannot show that his representation of Mr. Maraan as a putative class member would meet the superiority requirement of that rule. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (under Rule 23(b)(3), a plaintiff must show that class resolution is "'superior to other available methods for the fair and efficient adjudication of the controversy'"). In making a determination as to superiority, I ""'consider the interest of individual members of the class in controlling their own litigations and carrying them on as they see fit.'" *Id.* at 616 (quoting Advisory Comm. Notes, 28 U.S.C.App., p. 698). Mr. Maraan clearly demonstrated his interest and desire to bring and control his own case and, presumably, it has already gone to trial.

Even if Mr. Maraan's case has not yet gone to trial, combining his case with Warnick's case would merely cause unnecessary delay in resolution of Mr. Maraan's

claims that are at a much more advanced stage than Warnick's. Further, Warnick has not demonstrated that he is in a better position to take on those claims. Thus, I find that a class action with Mr. Maraan in the class as the sole individual, other than Plaintiff, who complained about DISH's robocalls through filing suit would not be the "superior" method for the fair and efficient adjudication of the controversy. *See Mitchell v. Texas Gulf Sulphur Co.*, 446 F.2d 90, 107 (10th Cir. 1971) (denying certification motion where other litigation was far advanced).

Additionally, Mr. Maraan seeks treble damages for DISH's allegedly "willful" violation of the TCPA, a claim Warnick cannot assert here as summary judgment was granted as to this claim. Plaintiff thus cannot show that his claims are typical of the claims of that class member. Fed. R. Civ. P. 23(a)(3); *see also Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 159 (1982) (where proof of the named plaintiff's claim will not resolve the class claims, typicality is lacking).

Accordingly, the seven individuals who filed lawsuits to complain about DISH's robocalls are not properly part of a class that Warnick can represent. This leaves only the individuals in the TCPA Tracker for which I have already ruled Warnick lacks standing to represent. There is thus no viable class.

Plaintiff argues, however, that he has addressed concerns about the TCPA Tracker class being overbroad and/or unascertainable through the class definition he proposed in his now withdrawn Amended Motion for Class Certification and which he represented at the show cause hearing would be the class definition he intends to go forward with. That definition excludes customers of DISH, family and household


claims that are at a much more advanced stage than Warnick's. Further, Warnick has not demonstrated that he is in a better position to take on those claims. Thus, I find that a class action with Mr. Maraan in the class as the sole individual, other than Plaintiff, who complained about DISH's robocalls through filing suit would not be the "superior" method for the fair and efficient adjudication of the controversy. *See Mitchell v. Texas Gulf Sulphur Co.*, 446 F.2d 90, 107 (10th Cir. 1971) (denying certification motion where other litigation was far advanced).

Additionally, Mr. Maraan seeks treble damages for DISH's allegedly "willful" violation of the TCPA, a claim Warnick cannot assert here as summary judgment was granted as to this claim. Plaintiff thus cannot show that his claims are typical of the claims of that class member. Fed. R. Civ. P. 23(a)(3); *see also Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 159 (1982) (where proof of the named plaintiff's claim will not resolve the class claims, typicality is lacking).

Accordingly, the seven individuals who filed lawsuits to complain about DISH's robocalls are not properly part of a class that Warnick can represent. This leaves only the individuals in the TCPA Tracker for which I have already ruled Warnick lacks standing to represent. There is thus no viable class.

Plaintiff argues, however, that he has addressed concerns about the TCPA Tracker class being overbroad and/or unascertainable through the class definition he proposed in his now withdrawn Amended Motion for Class Certification and which he represented at the show cause hearing would be the class definition he intends to go forward with. That definition excludes customers of DISH, family and household

members of the DISH customer whose account the call concerned, and persons who provided prior express consent.  *See* Am. Mot. for Class Certification at 1.  He asserts that the only records that need to be reviewed relevant to this class definition are the records/data for the individuals whose telephone numbers are in the TCPA Tracker, and that his experts can ascertain the class members from this data through the matching methodology they described at the hearing in March 2014 on Plaintiff's Motion for Class Certification.

I find that, even with the narrowed definition, Plaintiff's class definition is still not administratively feasible, and thus not ascertainable, and is overbroad.  First, as noted in my June 27, 2014 Order, DISH has provided evidence that it only calls numbers provided by customers or persons associated with those customers and that those persons *consented* to DISH calling the numbers they designated.  Thus, by definition, the vast majority of the 27,000 individuals in the TCPA Tracker and related customer database could not be "class members" under Plaintiff's new definition.  (*See* Picchione Aff., ¶¶ 4-11, ECF No. 83.)  While Plaintiff hopes to represent a class of "anomalies" —that is, persons that DISH called by mistake when attempting to reach a DISH customer, I previously found, and reiterate now, that Plaintiff's proposed "matching" would not eliminate consenting persons from Warnick's proposed class because "non-customers" do not necessarily equal "non-consenting parties".  (*See* order denying class certification.)

As noted in the Order on Summary Judgment, the TCPA Tracker reflects numbers that someone has asked DISH to removed as to future calls; it does not record

or investigate how a number was originally added to a customer's account or otherwise determine issues of consent. DISH showed that there are many different scenarios in which the numbers provided to it may have been associated with someone other than the named account holder on DISH records.

While Plaintiff has recognized this through now seeking to exclude household or family members from the class definition, this exclusion does not address all the possible scenarios whereby people could have provided their number to DISH and consent to call them in connection with the account, *e.g.*, roommates or a friend of the named account holder. Plaintiff has not been able to identify those people and how they are going to be excluded from the class. This would require individualized fact inquiries, as these individuals can not be ascertained by reference to objective criteria. *See Carrera*, 727 F.3d at 307–08 ("Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual factual inquiry'") (quotation omitted). Further, Plaintiff's expert Robert Biggerstaff admitted the methodology he would use to identify class members from the TCPA Tracker would produce many false positives, such as a husband and wife with different last names and different mailing or billing addresses. Again, identifying such people would require individualized inquiries.

Based upon the foregoing, I find that Plaintiff has not shown why I should not convert the denial without prejudice of the Motion for Class Certification to a denial with prejudice. Accordingly, the Order to Show Cause is made absolute, and Plaintiff's Motion for Class Certification is now denied with prejudice.

B.     Plaintiff's Motion to Enforce

The Motion to Enforce asks me to enforce an oral order at the hearing on Plaintiff's class certification motion that DISH produce the unredacted TCPA Tracker and corresponding account data.  This motion is denied.  When that oral order was made, I had provisionally granted Plaintiff's class certification motion subject to approving an order on the motion.  However, after receiving a further modification to the class definition by Plaintiff and further briefing on the class certification issue, I ultimately denied Plaintiff's class certification motion.  I found in the June 27, 2014 Order, and continue to find, that Plaintiff does not have standing to represent those individuals identified in the TCPA Tracker and related data and has not identified an ascertainable class.  Accordingly, production of those documents is not appropriate. *See Shushan v. Univ. of Colo.*, 132 F.R.D. 263, 268 (D. Colo. 1990) (denying motion for an order to discover the identity of potential class members where no showing by plaintiff that "there exists a definable, manageable class and that they are proper representatives of the class."); *Ketch, Inc. v. Heubel Material Handling, Inc.*, No. 11-12, 2011 U.S. Dist. LEXIS 111300, at *5 (W.D. Okla. Sept. 28, 2011) (denying motion to compel list of all faxes sent by Defendant; "the Court finds that until a class is certified, there is no need for the production of a fax list to identify members of the class.").

III.    CONCLUSION

Based upon the foregoing, it is

ORDERED that the Order to Show Cause of October 28, 2014 (ECF No. 258) is **MADE ABSOLUTE**.  Accordingly, it is

ORDERED that Plaintiff's Motion for Class Certification filed August 9, 2013 (ECF No. 61), which was previously denied without prejudice by Order of June 27, 2014 (ECF No. 238) is now **DENIED WITH PREJUDICE**.  Finally, it is

ORDERED that Plaintiff's Motion to Enforce Judge Daniel's Order to Produce Documents filed October 3, 2014 (ECF No. 247) is **DENIED.**

Dated:  November 25, 2014

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              Wiley Y. Daniel
                              Senior United States District Judge